**NIEDWESKE BARBER**
98 Washington Street
Morristown, NJ 07960
Tele:  973-401-0064
Fax:   973-401-0061
www.n-blaw.com
Attorneys for Plaintiff Jacqueline Hone

**Filed**

MAY 2 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CV 08 - 8 0 0 7 1 MISC.    JF

HRL

JACQUELINE HONE,

          Plaintiff,

    v.

PRESIDENTE U.S.A., INC., CERVECERIA
NACIONAL DOMINICANA, GRUPO LEON
JIMENES, LTD., ADMINISTAFF, INC.,
GEVITY H.R., and PHILLIP MORRIS,

          Defendants.

Civil Action No. 07-5635 (HAA)(ES)

**DECLARATION OF COUNSEL IN
SUPPORT OF PLAINTIFF'S MOTION
TO QUASH THE DISCOVERY
SUBPOENA DUCES TECUM SERVED
ON YAHOO! BY DEFENDANTS
PRESIDENTE U.S.A., INC., AND GEVITY
H.R.**

Christopher W. Hager, Esq., being over the age of 18 years, hereby declares pursuant to

28 U.S.C. § 1746 as follows:

    1.    I am an attorney-at-law of the State of New Jersey, am admitted to practice in the

United States District Court, District of New Jersey, and am a Partner in the New Jersey law firm

of Niedweske Barber, attorneys for Plaintiff Jacqueline Hone in this civil action alleging hostile

work environment and quid pro quo sexual harassment, as well as retaliation, pursuant to the

New Jersey Law Against Discrimination (hereinafter "LAD").  I make this Declaration based on

my personal knowledge of the matters set forth herein.

    2.    This Declaration is respectfully submitted in support of Plaintiff's motion to

quash the discovery subpoena duces tecum served on Yahoo! on April 3, 2008, by Defendants

Presidente U.S.A., Inc., and Gevity H.R.  One true copy of this subpoena is attached as Exhibit A.

### A.    Nature of This Civil Action

3.    Plaintiff's Complaint was filed in the New Jersey Superior Court on October 18, 2007. One true copy of this filed pleading is attached as Exhibit B.

4.    Plaintiff, who was employed by Defendants as a Marketing Assistant beginning in or about August, 2001, was constructively discharged on July 20, 2007, after enduing years of sexually harassing and retaliatory mistreatment. Id.

5.    Defendants removed this case to the United States District Court, District of New Jersey, on November 26, 2007.  One true copy of Defendants' Notice of Removal is attached as Exhibit C.

6.    Thereafter, Defendant Presidente U.S.A., Inc., filed its Answer to the Complaint on December 14, 2007.  One true copy of this pleading is attached as Exhibit D.

7.    Defendant Gevity H.R., Inc., filed its Answer to the Complaint on February 29, 2008. One true copy of this pleading is attached as Exhibit E.

8.    Neither the Answer of Defendant Presidente, nor Defendant Gevity, makes a single allegation – or reference – to Plaintiff Jacqueline Hone's use of a personal computer or Yahoo! account.

### B.    Defendants' Intrusive, and Unlawful, Discovery Subpoena

9.    As mentioned above, Defendants served a discovery subpoena duces tecum on Yahoo! on April 3, 2008. The discovery subpoena was issued by the United States District Court, Northern District of California, and given a Miscellaneous docket number of CV 08-8007. Exhibit A.

10.    Defendants' discovery subpoena seeks production of the following documents from internet service provider Yahoo!:

> The content of any and all electronic files, e-mail messages (with attachments), Instant Message communications and/or any other communication created any time between August 20, 2001 to July 20, 2007 and maintained by Yahoo! related to account holder Jacqueline Hone's subscription with Yahoo!, Yahoo mail and/or Yahoo Messenger.

Exhibit A.

11.    By letter to United States Magistrate Judge Esther Salas dated April 16, 2008, Plaintiff's counsel objected to Defendants' discovery subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A) on the grounds that it required the disclosure of personal and confidential communications, and other protected matter such as privileged communications with counsel, for which no exception or waiver apply. Plaintiff's objection was also based on irrelevance of the documents being requested, creating an undue burden, and an invasion of her privacy. One true copy of this letter is attached as Exhibit F.

12.    Defendants responded by letter from their counsel, dated April 18, 2008, which asserted that these materials should be produced because Plaintiff Hone seeks emotional distress damages in this case. One true copy of this letter is attached as Exhibit G.

13.    On May 12, 2008, counsel for the parties conferred about Defendants' discovery subpoena to Yahoo! before a conference call with Magistrate Salas wherein defense counsel refused to withdraw Defendants' subpoena. Magistrate Salas instructed that a motion be filed.

*14.*    I hereby declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.

NIEDWESKE BARBER
Attorneys for Plaintiff Jacqueline Hope

Christopher W. Hager

Dated:  May 27, 2008

4

QAO 88 (Rev. 1/94) Subpoena in a Civil Case

ORIGINAL
FILED

## Issued by the

# UNITED STATES DISTRICT COURT

Northern DISTRICT OF California

RICHARD W. WIEKING

2008 MAY 10: 4

CLERK
U.S. DISTRICT COURT

JACQUELINE HONE

V.

PRESIDENTE U.S.A., INC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number: N.J. 07-5635 (HAA) (ES) **JF**

**CV 08 - 80071 MISC. HRL**

TO:

Custodian of Records for Yahoo!
701 First Avenue
Sunnyvale, California  94089

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

The content of any and all electronic files, e-mail messages (with attachments), Instant Message communications and/or any other communication created any time between August 20, 2001 to July 20, 2007 and maintained by Yahoo! related to account holder Jacqueline Hone's subscription with Yahoo!, Yahoo Mail and/or Yahoo Messenger.

| PLACE | DATE AND TIME |
|---|---|
| Littler Mendelson, P.C. - One Newark Center, 8th Floor, Newark, New Jersey  07102 | April 18, 2008 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *E A Savage* Attorney for Defendants Presidente U.S.A., Inc. and Gevity HR, Inc. | March 28, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric A. Savage, Esq.
Littler Mendelson, P.C.
One Newark Center, 8th Floor
Newark, New Jersey  07102 - (973) 848.4700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (11/91) Subpoena in a Civil Case          PROOF OF SERVICE

| SERVED | DATE: April 3.08 | PLACE: 701 First Avenue Sunnyvale, CA 94089 |
|---|---|---|

SERVED ON: YAHOO, ATTN: CUSTODIAN OF RECORDS
ACCEPTED BY: Stephen Murphy
RELATIONSHIP/TITLE: Security Supervisor

MANNER OF SERVICE: RULE 45, FEDERAL CIVIL RULE
SERVING: SUBPOENA IN A CIVIL CASE
Personal

SERVED BY Len Warren
OUT OF STATE

TITLE

PROCESS SERVER

## DECLARATION OF SERVER

Description of Person Receiving Document(s):

SEX: M   AGE: 40   HEIGHT: 6'   WEIGHT: 200   SKIN: Black   HAIR: Black   OTHER:

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Certification of Service is true and correct.

Len T Warren L.S.
SIGNATURE OF OUT OF STATE
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

EXECUTED ON:

ATTORNEY:  ERIV A SAVAGE, ESQ
PLAINTIFF:  JACQUELINE HONE
DEFENDANT:  PRESIDENTE USA , INC., ET AL
VENUE:  NORTHERN DISTRICT OF CALIFORNIA
DOCKET:  N/A
FEE:  $0.00

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but not limited to, lost earnings and a reasonable attorney's fee.
(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assure that the person whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**NIEDWESKE BARBER**
98 Washington Street
Morristown, NJ 07960
Tele:  973-401-0064
Fax:  973-401-0061
www.n-blaw.com
Attorneys for Plaintiff Jacqueline Hone

SUPERIOR COURT BERGEN COUNTY
F I L E D

OCT 1 8 2007

DEPUTY CLERK

---

JACQUELINE HONE,

                    Plaintiff,

v.

PRESIDENTE U.S.A., INC., CERVECERIA
NACIONAL DOMINICANA, GRUPO LEON
JIMENES, LTD., ADMINISTAFF, INC.,
GEVITY H.R., and PHILLIP MORRIS,

                    Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION – BERGEN COUNTY
DOCKET NO. L-7709-07
Civil Action

**COMPLAINT AND JURY DEMAND**

---

Plaintiff, Jacqueline Hone ("Hone"), by way of Complaint against Defendants Presidente

U.S.A, Inc. ("Presidente"), Cerveceria Nacional Dominicana ("CND"), Grupo Leon Jimenes.

("GLJ"), Administaff, Inc. ("Administaff"), Gevity H.R. ("Gevity"), and Phillip Morris

(collectively referred to as the "Defendants") says:

## THE PARTIES

1.     Plaintiff Hone is a New Jersey Citizen residing at 30 Carriage Lane, Village of

Ridgewood, County of Bergen, and State of New Jersey.

2.     Upon information and belief, Defendant Presidente has a principal place of business

located at 8280 NW 27th Street, Suite 518, City of Miami, County of Dade, and State of Florida.

Defendant Presidente is in the business of marketing and promotional company for Presidente

beer for its parent company Defendant CND.

3.    Upon information and belief, Defendant CND is a Dominican Republic Corporation with its principal place of business located at Aut 30 de Mayo Km 6 ½ Santo Domingo, DN, Republica Dominicana.  Defendant CND is in the primary business of brewing beer and manufacturing cigars.

4.    Upon information and belief, Defendant GLJ is a Dominican Republic Corporation with its principal place of business located at Aut 30 de Mayo Km 6 ½ Santo Domingo, DN, Republica Dominicana.  Defendant GLJ is in the primary business of producing and distributing consumer products worldwide, including, but not limited to, beer and cigars

5.    Upon information and belief, Defendant Administaff has corporate offices located 19001 Crescent Springs Drive, Town of Kingwood, County of Harris, State of Texas  77339-3802.  Defendant Administaff provides comprehensive personnel management services to small and medium businesses, including benefits and payroll administration, personnel records management, and employer liability management.

6.    Upon information and belief, Defendant Gevity has corporate offices located at 9000 Town Center Parkway, Town of Bradenton, County of Manatee, State of Florida  34202. Defendant Gevity provides comprehensive human resources services in order to improve its clients' business performance by streamlining human resources administration, optimizing human resources practices, and maximizing people and performance.

7.    Upon information and belief, Defendant Phillip Morris has corporate offices located at 6601 West Broad Street, Richmond, Virginia 23230.  Among other areas, Defendant Phillip Morris is in the business of manufacturing and distributing cigarettes and supplying beer to distributors.

2

## STATEMENT OF FACTS

8.    In or about August 2001, Plaintiff Hone began her employment with Defendant Presidente as a Marketing Assistant.

9.    As of August, 2001, Plaintiff Hone's benefits and pay were administered through Defendant Administaff which had a co-employment agreement with Defendant Presidente.

10.    In or about April 2007, Defendant Presidente entered into a co-employment agreement with Defendant Gevity, which provided Plaintiff Hone with her benefits and salary until her constructive termination on or about July 20, 2007.

11.    During the entirety of her employment with Defendants, Plaintiff Hone was subjected to systematic and continuous *quid pro quo* and hostile work environment sexual harassment by her supervisors, colleagues and subordinates.

12.    Throughout her employment, comments of a sexual nature were commonplace, such as "Look at her ass," "what I wouldn't do to her," "gay men take it in the ass," and explicit comments regarding Plaintiff Hone's hair, body, clothing, and breasts.

13.    Also commonplace were gestures of a sexual nature, such as feigned sexual acts.

14.    In or around 2001, Defendant Administaff's Human Resources representative, Rosa Benzant, witnessed the sexual harassment first hand. She advised Defendant Presidente's Brand Manager, Felix Sencion, that Defendant Presidente could be held liable for the illegal conduct. Despite Defendants' actual knowledge of the hostile environment, they did nothing.

15.    Plaintiff Hone asked her colleagues and subordinates to stop the sexual harassment, but was advised that the atmosphere was part of the "Domincan culture" and she would be well-served to participate rather than remain distant.

3

16.    When Plaintiff Hone's requests failed, she complained to upper management, including but not limited to Elvira Hernandez, Franklin Leon, Felix Sencion, to intervene on her behalf and stop the harassing environment. She was told that she had a "naturally sexy look" and, therefore, there was nothing that management could do to minimize the hostile work environment.

17.    For the next several years, Plaintiff Hone regularly complained about her working environment, including sexual harassment, to Ms. Hernandez, Mr. Marti, and Mr. Sencion, all of whom failed to intervene on her behalf.

18.    Plaintiff Hone's complaints were the catalyst for the 2003 audit, which was intended to be a review of the entire Defendant Presidente work environment.

19.    In or around August 2003, Defendant GLJ issued a memorandum from its Human Resources Department to all Defendant Presidente employees notifying them that the Hay Group has been retained to evaluate the Company's work environment and management styles. The Hay Group's involvement never came to fruition.

20. .  As a result of Plaintiff Hone's complaints of sexual harassment, beginning at the end of 2003, she was excluded from various trips sponsored by the Miller Brewing Company, which had recently merged with Defendant Presidente.

21.    Plaintiff Hone, the only female manager at Defendant Presidente, was advised that she would not be attending the trips because of the drinking and carousing among the participants, activities which Defendant Presidente was aware Plaintiff Hone did not enjoy.

22.    In or about December 2003, Plaintiff Hone was planning to relocate with Defendant Presidente's corporate headquarters to Miami, Florida where she was told there were would more opportunity for professional growth and development.

4

23.    Immediately prior to her move, Leoni Marti, Plaintiff Hone's Director, told her that he wanted more from their relationship than just professional colleagues.

24.    Plaintiff Hone rejected his advances and, immediately thereafter, was told that she would not be moving to Miami.

25.    Plaintiff Hone was told that Miami was no longer an option. She was given the ultimatum to remain in New Jersey working in the field or leave the Company.

26.    Plaintiff Hone's new job title was Chain Account Manager with substantially more work than previously performed, but for the same pay.

27.    Plaintiff Hone complained that her male counterparts were earning substantially more than her for the same or even less work.

28.    Her salary was only minimally adjusted.

29.    Plaintiff Hone's complaints about the disparate pay were confirmed by audits conducted by Defendant Jimenes and Defendant Phillip Morris, Elvira Hernandez, Leoni Marti, and Miroslava Pestana.

30.    Plaintiff Hone's complaints of sexual harassment continued throughout the entirety of her employment with Defendants. Notwithstanding Plaintiff Hone's complaints, Defendants took no remedial action and the hostile work environment persisted.

31.    In retaliation for her complaints, Plaintiff Hone was frozen out by management.

32.    From December, 2006 to May, 2007, Plaintiff Hone had no verbal communication or direction from Franklin Leon.

33.    Her subordinates, business associates, distributors, suppliers, and clients were given instructions by Defendant Presidente's management which had the effect of bypassing Plaintiff Hone and undermining her authority.

34.  Plaintiff Hone would learn of events, which her budget was funding, after the event was already planned and the money spent. This action was in direct contravention to Defendant Presidente's procedure and diminished the monies Plaintiff Hone had available for her own district.

35.  On or about April 26, 2007, Plaintiff Hone filed a complaint with Franklin Leon.

36.  On or about May 1, 2007, Franklin Leon offered to meet with Plaintiff Hone, but reneged and referred her complaints to Defendant Gevity.

37.  On or about May 1, 2007, Plaintiff Hone underwent a lumpectomy. She remained out of work for only three (3) days because of fear that her absence would leave her vulnerable to continued retaliation and other adverse employment actions.

38.  On or about May 8, 2007, Plaintiff Hone met with Defendant Gevity.

39.  From June 13, 2007 to July 4, 2007, Plaintiff Hone went on a medical leave of absence.

40.  Upon her return, Plaintiff Hone received a memorandum, dated June 28, 2007, which summarized a visit by Franklin Leon regarding stores in Plaintiff Hone's division.

41.  The memorandum fabricated various business issues and was a pretext for discrimination and retaliation.

42.  In a memorandum, dated July 20, 2007, Plaintiff Hone responded to Mr. Leon's accusations. She charged Defendant Presidente with retaliating against her for disclosing mismanagement, waste of funds, continual harassment, unhealthy work environment, and the Company's unwillingness to take effective action regarding her previous complaints of sexual harassment, whistle blowing, and wage and salary discrimination based on gender.

43.   Plaintiff Hone concluded her memorandum by surrendering to Defendants' goal to have her resign.  She recounted the years of intimidation, retaliation, and harassment, which culminated with the destruction of her reputation and credibility.

44.   As a result of these intolerable conditions, Plaintiff Hone was forced to terminate her employment, effective July 20, 2007.

## FIRST COUNT
### (NJLAD - Sexual Hostile Work Environment)

45.   Plaintiff Hone repeats the previous allegations as if set forth at length herein.

46.   Throughout Plaintiff Hone's employment with Defendants, she was subjected to hostile work environment sexual harassment.

47.   The conduct and comments previously set forth occurred because of Plaintiff's gender.

48.   The conduct and comments were severe and/or pervasive enough to make a reasonable woman believe the working conditions were altered and that the working environment was intimidating and harassing.

49.   As a result of Defendants' failures and inactions, they are liable for all damages resulting from the sexually hostile environment.

50.   This hostile work environment sexual harassment was in violation of the New Jersey Law Against Discrimination ("NJLAD").

51.   Plaintiff Hone repeatedly complained to Defendants' upper management, but the hostile work environment sexual harassment was not addressed, let alone remediated.

52.   Defendants' upper management demonstrated a willful indifference to Plaintiff Hone's complaints of sexual harassment.

7

53.    As a direct and proximate result of Defendants' actions, Plaintiff Hone has and continues to suffer loss of income, loss of benefits, and other financial losses.

54.    As a direct and proximate result of Defendants' actions, Plaintiff Hone has experienced and continues to experience pain, suffering, and emotional distress

**WHEREFORE,** Plaintiff Hone demands judgment against Defendants for compensatory damages, punitive damages, negative tax consequences as a result of any jury verdict, counsel fees, costs of suit, and such other relief as the Court may deem appropriate.

## SECOND COUNT
### (NJLAD – *Quid Pro Quo* Sexual Harassment)

55.    Plaintiff Hone repeats the previous allegations as if set forth at length herein.

56.    Plaintiff Hone was subjected to *quid pro quo* sexual harassment as a result of Leoni Marti's conditioning her advancement with the Company on her acquiescing to his sexual demands.

57.    This *quid pro quo* sexual harassment was in violation of the NJLAD.

58.    As a direct and proximate result of Defendants' actions, Plaintiff Hone has and continues to suffer loss of income, loss of benefits, and other financial losses.

59. .   As a direct and proximate result of Defendants' actions, Plaintiff Hone has experienced and continues to experience pain, suffering, and emotional distress.

## THIRD COUNT
### (NJLAD – Retaliation)

60.    Plaintiff Hone repeats the previous allegations as if set forth at length herein.

61.    The retaliation that Plaintiff Hone experienced as a result of her having complained of sexual harassment was in violation of the NJLAD.

8

62.    Plaintiff Hone repeatedly complained to Defendants' upper management, but the retaliation was unaddressed, let alone remediated.

63.    Defendants' upper management demonstrated a willful indifference to Plaintiff Hone's complaints of retaliation.

64.    Based upon Defendants' retaliatory action and its willful failure to remediate it, Defendants condoned and ratified the illegal conduct.

65.    As a direct and proximate result of Defendants' actions, Plaintiff Hone has experienced and continues to experience pain, suffering and emotional distress.

66.    As a direct and proximate result of Defendants' actions, Plaintiff Hone has and continues to suffer loss of income, loss of benefits, and other financial losses.

**WHEREFORE,** Plaintiff Hone demands judgment against Defendants for compensatory damages, punitive damages, negative tax consequences as a result of any jury verdict, counsel fees, costs of suit, and such other relief as the Court may deem appropriate.

                                   **NIEDWESKE BARBER**
                                   Attorneys for Plaintiff


                                   By: Kevin E. Barber
                                   _____
                                      Kevin E. Barber

Dated:  October 16, 2007

9

## JURY DEMAND

Plaintiff Hone demands trial by jury on all issues.

**NIEDWESKE BARBER**
Attorneys for Plaintiff

By: _Kevin E. Barber_
     Kevin E. Barber

Dated: October 16, 2007


## DESIGNATION OF TRIAL ATTORNEY

Kevin E. Barber, Esq. is hereby designated as trial counsel in the within matter.

**NIEDWESKE BARBER**
Attorneys for Plaintiff

By: _Kevin E. Barber_
     Kevin E. Barber

Dated: October 16, 2007

## CERTIFICATION PURSUANT TO R. 4:5-1

I, Kevin E. Barber, certify as follows:

I am a partner in the Law Firm of Niedweske Barber, attorneys for Plaintiff Hone in the

above-entitled action.  To the best of my knowledge, the matter in controversy is not the subject

of any other action pending in any court or arbitration proceeding, and no other action or

arbitration proceeding is contemplated, and no other parties should be joined in this action.

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

NIEDWESKE BARBER
Attorneys for Plaintiff

By: Kevin P Barber
Kevin E. Barber

Dated: October 16, 2007

F:\LJN DOCS\DocsHone, Jacqueline\PLEADINGS\Complaint and Jury Demand doc

11

**LITTLER MENDELSON**
A Professional Corporation
One Newark Center – Eighth Floor
Newark, New Jersey 07102
973.848.4700
Attorneys for Defendant Presidente U.S.A., Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUELINE HONE, | Civil Action No. |
| Plaintiff, | **NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL** |
| vs. | |
| PRESIDENTE U.S.A., INC., CERVECERIA NACIONAL DOMINICANA, GRUPO LEON JIMENES, LTD., ADMINISTAFF, INC., GEVITY H.R., and PHILLIP MORRIS, | |
| Defendants. | |

TO:   Kevin E. Barber, Esq.
      **Niedweske Barber**
      **98 Washington Street**
      **Morristown, New Jersey 07960**
      **Attorneys for Plaintiff**

   **PLEASE TAKE NOTICE** that Defendant Presidente U.S.A., Inc. ("Defendant"), in the action filed by Plaintiff Jacqueline Hone in the New Jersey Superior Court, Law Division, Bergen County, under Docket No. BER-L-7709-07, has filed a Notice of Removal to the United States District Court for the District of New Jersey on this 26th day of November, 2007, pursuant to 28 U.S.C. § 1441.  A copy of such Notice is attached.

                                   **LITTLER MENDELSON**
                                   A Professional Corporation
                                   Attorneys for Defendants

                                   By: _E. A. Savage_
                                       ERIC A. SAVAGE

Dated: November 26, 2007

Firmwide:83691962.1 046687.1081

**LITTLER MENDELSON**
A Professional Corporation
One Newark Center – Eighth Floor
Newark, New Jersey 07102.5311
973.848.4700
Attorneys for Defendant Presidente U.S.A., Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUELINE HONE, <br><br> Plaintiff, <br><br> vs. <br><br> PRESIDENTE U.S.A., INC., CERVECERIA NACIONAL DOMINICANA, GRUPO LEON JIMENES, LTD., ADMINISTAFF, INC., GEVITY H.R., and PHILLIP MORRIS, <br><br> Defendants. | Civil Action No. 07-5635 (HAA) (ES) <br><br><br> **ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Presidente U.S.A., Inc. ("Presidente"), by and through its attorneys, Littler

Mendelson, P.C., answers the Complaint of plaintiff Jacqueline Hone ("plaintiff" or "Hone") as

follows:

### THE PARTIES

1. With respect to the allegations of paragraph 1 of the Complaint, Presidente lacks

knowledge and information sufficient to form a belief as to the truth or falsity of the allegations

contained therein and, therefore, denies same.

2. With respect to the allegations of paragraph 2 of the Complaint, Presidente admits

that it maintains a principal place of business located at 8280 N.W. 27th Street, Suite 518,

Miami, Florida, and denies all remaining allegations contained therein.

3. Presidente lacks knowledge and information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 3 of the Complaint and, therefore, denies same.

4. Presidente lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

5. Presidente lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

6. Presidente lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint and, therefore, denies same.

7. Presidente lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint and, therefore, denies same.

## STATEMENT OF FACTS

8. With respect to the allegations contained in paragraph 8 of the Complaint, Presidente admits that plaintiff became employed by Presidente on August 20, 2001, with the title of Marketing Assistant.

9. With respect to the allegations contained in paragraph 9 of the Complaint, Presidente respectfully refers this Court to the document referred to therein for the terms thereof, and further states that the document speaks for itself.

10. With respect to the allegations contained in paragraph 10 of the Complaint, Presidente admits that plaintiff resigned from her employment with Presidente effective July 20, 2007, and respectfully refers this Court to the documents referred to therein for the terms thereof,

2

which documents speak for themselves.

11. Presidente denies the allegations contained in paragraph 11 of the Complaint.

12. Presidente denies the allegations contained in paragraph 12 of the Complaint.

13. Presidente denies the allegations contained in paragraph 13 of the Complaint.

14. Presidente denies the allegations contained in paragraph 14 of the Complaint insofar as they pertain to Presidente, and lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations thereof.

15. Presidente denies the allegations contained in paragraph 15 of the Complaint.

16. Presidente denies the allegations contained in paragraph 16 of the Complaint.

17. Presidente denies the allegations contained in paragraph 17 of the Complaint.

18. Presidente denies the allegations contained in paragraph 18 of the Complaint.

19. With respect to the allegations contained in paragraph 19 of the Complaint, Presidente respectfully refers this Court to the document referred to therein for the terms thereof, which document speaks for itself, and further states that Presidente lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

20. Presidente denies the allegations contained in paragraph 20 of the Complaint.

21. Presidente denies the allegations contained in paragraph 21 of the Complaint.

22. Presidente lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint, insofar as they pertain to plaintiff's plans, and denies all remaining allegations contained therein.

23. Presidente denies the allegations contained in paragraph 23 of the Complaint.

24. Presidente denies the allegations contained in paragraph 24 of the Complaint.

25. Presidente denies the allegations contained in paragraph 25 of the Complaint.

26. With respect to the allegations contained in paragraph 26 of the Complaint, Presidente admits that plaintiff held a position as Chain Account Manager, and denies all remaining allegations contained therein.

27. Presidente denies the allegations contained in paragraph 27 of the Complaint.

28. With respect to the allegations of paragraph 28 of the Complaint, Presidente admits that it increased plaintiff's salary at various times during the period of plaintiff's employment with Presidente, and denies all remaining allegations contained therein.

29. With respect to the allegations contained in paragraph 29 of the Complaint, Presidente respectfully refers this Court to the documents referred to therein for the terms thereof, and denies all remaining allegations contained therein.

30. Presidente denies the allegations contained in paragraph 30 of the Complaint.

31. Presidente denies the allegations contained in paragraph 31 of the Complaint.

32. Presidente denies the allegations contained in paragraph 32 of the Complaint.

33. Presidente denies the allegations contained in paragraph 33 of the Complaint.

34. Presidente denies the allegations contained in paragraph 34 of the Complaint.

35. Except to admit that on or about April 26, 2007, Franklin Leon ("Mr. Leon") received an e-mail from plaintiff, which document speaks for itself, Presidente denies the allegations contained in paragraph 35 of the Complaint, and respectfully refers this Court to the documents referred to therein.

36. Except to admit that on or about May 1, 2007, Mr. Leon replied to plaintiff's e-mail of April 26, 2007, Presidente denies all remaining allegations thereof, and respectfully refers this Court to the document referred to therein, which document speaks for itself.

37. With respect to the allegations contained in paragraph 37 of the Complaint, Presidente admits that plaintiff took a medical leave of absence beginning on or about May 1,

4

2007 and ending on or about May 7, 2007, and lacks knowledge and information sufficient to form a belief as to the reason for the leave of absence.

38. With respect to the allegations of paragraph 38 of the Complaint, Presidente lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies same.

39. With respect to the allegations of paragraph 39 of the Complaint, Presidente admits that plaintiff took a medical leave of absence which began on or about June 13, 2007 and ended on or about July 2, 2007, and denies all remaining allegations contained therein.

40. With respect to the allegations contained in paragraph 40 of the Complaint, Presidente respectfully refers this Court to the document referred to therein for the terms thereof, and further states that the document speaks for itself.

41. Presidente denies the allegations contained in paragraph 41 of the Complaint and respectfully refers this Court to the document referred to therein.

42. Except to admit that Presidente received plaintiff's memorandum dated July 20, 2007, Presidente denies the allegations contained in paragraph 42 of the Complaint and respectfully refers this Court to the document referred to therein.

43. Presidente denies the allegations contained in paragraph 43 of the Complaint and respectfully refers this Court to the document referred to therein for the terms thereof, and further states that the document speaks for itself.

44. With respect to the allegations of paragraph 44, Presidente admits that plaintiff resigned from her employment with Presidente effective July 20, 2007, and denies all remaining allegations contained therein.

## FIRST COUNT
### (NJLAD-Sexual Hostile Work Environment)

45. Presidente repeats and realleges its responses to paragraphs 1 through 44 as if set forth at length herein.

46. Presidente denies the allegations contained in paragraph 46 of the Complaint.

47. Presidente denies the allegations contained in paragraph 47 of the Complaint.

48. Presidente denies the allegations contained in paragraph 48 of the Complaint.

49. Presidente denies the allegations contained in paragraph 49 of the Complaint.

50. Presidente denies the allegations contained in paragraph 50 of the Complaint.

51. Presidente denies the allegations contained in paragraph 51 of the Complaint.

52. Presidente denies the allegations contained in paragraph 52 of the Complaint.

53. Presidente denies the allegations contained in paragraph 53 of the Complaint.

54. Presidente denies the allegations contained in paragraph 54 of the Complaint.

## SECOND COUNT
### (NJLAD-*Quid Pro Quo* Sexual Harassment)

55. Presidente repeats and realleges its responses to paragraphs 1 through 54 as if set forth at length herein.

56. Presidente denies the allegations contained in paragraph 56 of the Complaint.

57. Presidente denies the allegations contained in paragraph 57 of the Complaint.

58. Presidente denies the allegations contained in paragraph 58 of the Complaint.

59. Presidente denies the allegations contained in paragraph 59 of the Complaint.

## THIRD COUNT
### (NJLAD-*Quid Pro Quo* Sexual Harassment)

60. Presidente repeats and realleges its responses to paragraphs 1 through 59 as if set forth at length herein.

61. Presidente denies the allegations contained in paragraph 61 of the Complaint.

62. Presidente denies the allegations contained in paragraph 62 of the Complaint.

63. Presidente denies the allegations contained in paragraph 63 of the Complaint.

64. Presidente denies the allegations contained in paragraph 64 of the Complaint.

65. Presidente denies the allegations contained in paragraph 65 of the Complaint.

66. Presidente denies the allegations contained in paragraph 66 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

All or portions of the Complaint is/are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

One or more of plaintiff's claims is/are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

To the extent plaintiff seeks recovery for mental and emotional distress, including the recovery of medical expenses thereby incurred, such claims are barred by the exclusive remedy provision of the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-1 et seq.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped and barred by her own conduct from recovering any relief as against Presidente.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by plaintiff's own contributory and/or comparative fault.

### SEVENTH AFFIRMATIVE DEFENSE

If plaintiff has been damaged as alleged, plaintiff's damages have been caused by her own acts, by the acts of those other than Presidente, or by acts for which President is not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to avail herself of or to exhaust the complaint procedures and monitoring mechanisms contained in Presidente's well-publicized and enforced policy against discrimination, harassment and retaliation, which was widely disseminated to all employees, including to plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily resigned her employment with Presidente and was not discharged or constructively discharged.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff was not exposed to any conduct which was so intolerable that a reasonable person would be forced to resign rather than continue to endure it.

### ELEVENTH AFFIRMATIVE DEFENSE

Presidente is not the proximate or actual cause of the damages alleged by plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

In the event that plaintiff suffered any damages, such damages were caused by persons not under the control or supervision of Presidente or any of them.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any alleged failure by Presidente to perform any obligations resulted from plaintiff's failure to perform her employment obligations, which performance by plaintiff was a

8

condition precedent to or concurrent with Presidente's performance of its obligations.

## FOURTEENTH AFFIRMATIVE DEFENSE

The employment decisions about which plaintiff complains were based on legitimate, nondiscriminatory business related reasons and not on discriminatory animus or motive.

## FIFTEENTH AFFIRMATIVE DEFENSE

Presidente promptly undertook an investigation for the purposes of determining whether remedial action was necessary.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages can be granted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of counsel fees can be granted.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff has failed to mitigate her damages and is barred from relief as a result.

## NINETEENTH AFFIRMATIVE DEFENSE

Presidente reserves the right to assert additional defenses based upon facts learned during discovery.

9

WHEREFORE, Presidente requests judgment dismissing the Complaint in its entirety and granting Presidente its costs of suit, attorneys' fees pursuant to N.J.S.A. 10:5-27.1, and such other and further relief as this Court may deem just and proper.

**LITTLER MENDELSON**
A Professional Corporation
Attorneys for Defendant Presidente U.S.A., Inc.

By: _____
ERIC A. SAVAGE

December 14, 2007

Firmwide:83689939.1 046687.1081

10

**LITTLER MENDELSON**
A Professional Corporation
One Newark Center – Eighth Floor
Newark, New Jersey 07102.5311
973.848.4700
Attorneys for Defendants
    Presidente U.S.A., Inc. and Gevity HR, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUELINE HONE,<br><br>               Plaintiff,<br><br>vs.<br><br>PRESIDENTE U.S.A., INC., CERVECERIA NACIONAL DOMINICANA, GRUPO LEON JIMENES, LTD., ADMINISTAFF, INC., GEVITY H.R., and PHILLIP MORRIS,<br><br>            Defendants. | Civil Action No. 07-5635 (HAA) (ES)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT GEVITY HR, INC.** |

       Defendant Gevity HR, Inc. ("Gevity"), by and through its attorneys, Littler Mendelson, P.C., answers the Complaint of plaintiff Jacqueline Hone ("plaintiff" or "Hone") as follows:

### THE PARTIES

    1. With respect to the allegations of paragraph 1 of the Complaint, Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies same.

    2. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint and, therefore, denies same.

    3. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint and, therefore, denies same.

    4. Gevity lacks knowledge and information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

5. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

6. With respect to the allegations of paragraph 6 of the Complaint, Gevity admits that it maintains offices located at 9000 Town Center Parkway, Bradenton, Florida 34202 and provides various human resources services to its clients, and further denies all remaining allegations contained therein.

7. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint and, therefore, denies same.

## STATEMENT OF FACTS

8. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint and, therefore, denies same.

9. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10. With respect to the allegations contained in paragraph 10 of the Complaint, Gevity admits that it entered into a Professional Services Agreement with Presidente, respectfully refers this Court to that document referred to for the terms thereof, which document speaks for itself, denies that Gevity was plaintiff's employer, and further denies all remaining allegations contained therein.

11. Gevity denies the allegations contained in paragraph 11 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

12. Gevity denies the allegations contained in paragraph 12 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information

sufficient to form a belief as to the truth or falsity of the allegations contained therein.

13. Gevity denies the allegations contained in paragraph 13 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

14. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint and, therefore, denies same.

15. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint and, therefore, denies same.

16. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint and, therefore, denies same.

18. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint and, therefore, denies same.

19. Gevity denies the allegations contained in paragraph 19 of the Complaint insofar as it relates to Gevity, and respectfully refers this Court to the document referred to therein for the terms thereof, which document speaks for itself.

20. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint and, therefore, denies same.

21. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint and, therefore, denies same.

22. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint and, therefore, denies same.

23. Gevity lacks knowledge and information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 23 of the Complaint and, therefore, denies same.

24. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint and, therefore, denies same.

25. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint and, therefore, denies same.

26. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint and, therefore, denies same.

27. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint and, therefore, denies same.

28. With respect to the allegations of paragraph 28 of the Complaint, admits, on information and belief, that plaintiff received salary adjustments based on decisions made by Presidente, and denies all remaining allegations contained therein.

29. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint and, therefore, denies same.

30. Gevity denies the allegations contained in paragraph 30 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

31. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint and, therefore, denies same.

32. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint and, therefore, denies same.

33. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint and, therefore, denies same.

34. Gevity lacks knowledge and information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 34 of the Complaint and, therefore, denies same.

35. With respect to the allegations contained in paragraph 35 of the Complaint, Gevity respectfully refers this Court to the document referred to therein for the terms thereof, which document speaks for itself.

36. Gevity denies the allegations contained in paragraph 36 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

37. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint and, therefore, denies same.

38. Gevity denies the allegations contained in paragraph 38 of the Complaint.

39. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint and, therefore, denies same.

40. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint and, respectfully refers this Court to the document referred to therein for the terms thereof, which document speaks for itself.

41. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint and, respectfully refers this Court to the document referred to therein for the terms thereof, which document speaks for itself.

42. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint and, respectfully refers this Court to the document referred to therein for the terms thereof, which document speaks for itself.

43. Gevity denies the allegations contained in paragraph 43 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

44. With respect to the allegations of paragraph 44, admits receiving notification that plaintiff's employment with Presidente had ended, and denies all remaining allegations contained therein.

## FIRST COUNT
## (NJLAD-Sexual Hostile Work Environment)

45. Gevity repeats and realleges its responses to paragraphs 1 through 44 as if set forth at length herein.

46. Gevity denies the allegations contained in paragraph 46 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

47. Gevity denies the allegations contained in paragraph 47 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

48. Gevity denies the allegations contained in paragraph 48 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

49. Gevity denies the allegations contained in paragraph 49 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

50. Gevity denies the allegations contained in paragraph 50 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

51. Gevity denies the allegations contained in paragraph 51 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

6

52. Gevity denies the allegations contained in paragraph 52 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

53. Gevity denies the allegations contained in paragraph 53 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

54. Gevity denies the allegations contained in paragraph 54 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

### SECOND COUNT
### (NJLAD-*Quid Pro Quo* Sexual Harassment)

55. Gevity repeats and realleges its responses to paragraphs 1 through 54 as if set forth at length herein.

56. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Complaint and, therefore, denies same.

57. Gevity lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Complaint and, therefore, denies same.

58. Gevity denies the allegations contained in paragraph 58 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

59. Gevity denies the allegations contained in paragraph 59 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

7

## THIRD COUNT

### (NJLAD-*Quid Pro Quo* Sexual Harassment)

60. Gevity repeats and realleges its responses to paragraphs 1 through 59 as if set forth at length herein.

61. Gevity denies the allegations contained in paragraph 61 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

62. Gevity denies the allegations contained in paragraph 62 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

63. Gevity denies the allegations contained in paragraph 63 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

64. Gevity denies the allegations contained in paragraph 64 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

65. Gevity denies the allegations contained in paragraph 65 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

66. Gevity denies the allegations contained in paragraph 66 of the Complaint insofar as it relates to Gevity and, with respect to all remaining defendants, lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

All or portions of the Complaint is/are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

One or more of plaintiff's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

To the extent plaintiff seeks recovery for mental and emotional distress, including the recovery of medical expenses thereby incurred, such claims are barred by the exclusive remedy provision of the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-1 et seq.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped and barred by her own conduct from recovering any relief as against Gevity.

### SIXTH AFFIRMATIVE DEFENSE

Gevity was not plaintiff's employer as that term has been defined under the applicable statutes and case law on which Plaintiff's claims are based.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by plaintiff's own contributory and/or comparative fault.

### EIGHTH AFFIRMATIVE DEFENSE

If plaintiff has been damaged as alleged, plaintiff's damages have been caused by her own acts, by the acts of those other than Gevity, or by acts for which President is not

9

responsible.

## NINTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff unreasonably failed to avail herself of or to exhaust the complaint procedures and monitoring mechanisms contained in Presidente's policy against discrimination, harassment and retaliation.

## TENTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff voluntarily resigned her employment with Presidente and was not discharged or constructively discharged.

## ELEVENTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff was not exposed to any conduct which was so intolerable that a reasonable person would be forced to resign rather than continue to endure it.

## TWELFTH AFFIRMATIVE DEFENSE

Gevity is not the proximate or actual cause of the damages alleged by plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

In the event that plaintiff suffered any damages, such damages were caused by persons not under the control or supervision of Gevity or any of them.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages can be granted.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of counsel fees can be granted.

## SIXTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff has failed to mitigate her damages and is

barred from relief as a result.

SEVENTEENTH AFFIRMATIVE DEFENSE

Gevity reserves the right to assert additional defenses based upon facts learned during discovery.

**WHEREFORE,** Gevity requests judgment dismissing the Complaint in its entirety and granting Gevity its costs of suit, attorneys' fees pursuant to N.J.S.A. 10:5-27.1, and such other and further relief as this Court may deem just and proper.

**LITTLER MENDELSON**
A Professional Corporation
Attorneys for Defendants
Presidente U.S.A., Inc. and Gevity

By: _____
ERIC A. SAVAGE

February 29, 2008

Firmwide:84325324.1 046687.1081

11

## NIEDWESKE BARBER
ATTORNEYS AT LAW

www.n-blaw.com

96 Washington Street
Morristown I New Jersey I 07960
973.401.0064
973.401.0061 fax

140 Broadway, 46th Floor
New York I New York I 10005
212.208.1496
212.858.7750 fax

April 16, 2008

**VIA FACSIMILE ONLY – (973) 645-2469**

Honorable Esther Salas, U.S.M.J.
United States District Court
Martin Luther King Jr., Fed. Bldg. & Cthse.
50 Walnut Street
Newark, New Jersey 07102

     Re:    Hone v. Presidente USA, Inc., et al.
             Civil Action No. 07-5635 (HAA)(ES)

Dear Magistrate Judge Salas:

     We represent the Plaintiff in this New Jersey Law Against Discrimination case,
Ms. Jacqueline Hone. I am respectfully submitting this letter to Your Honor regarding
two (2) discovery issues that have arisen, and to which we object:

     1.    Defendants' Presidente USA, Inc., and Gevity HR, Inc., service of a
             subpoena duces tecum on Yahoo! seeking the production of documents
             from Plaintiff's personal and totally irrelevant e-mails, instant message,
             and related accounts, if any; and

     2.    Defense counsel's refusal to produce documents evidencing proof of
             service of Plaintiff's Complaint on the two (2) Dominican Republic
             entities that employed her.

     Plaintiff respectfully requests that the foregoing subpoena be quashed, pursuant to
Federal Rule of Civil Procedure 45, and that Defendants be ordered to produce the non-
privileged documents evidencing service of process on the Dominican Republic entities
in order for this case to move forward. I will respectfully, and briefly, address each issue
separately.

     **1.**    **Defendants' Unreasonable Subpoena to Yahoo! Should Be Quashed**

     Federal Rule of Civil Procedure 45(c)(3)(A) requires a court to quash or modify a
subpoena if the subpoena requires disclosure of privileged or other protected information,
and no waiver or exception applies, or if the subpoena subjects a person to an undue
burden. Here, Defendants Presidente USA, Inc., and Gevity HR, Inc., issued a subpoena

to Yahoo! on March 28, 2008 for production of the following burdensome, personal and confidential material having no relevance to this civil action:

> The content of any and all electronic files, e-mail messages (with attachments), Instant Message communications and/or any other communication created any time between August 20, 2001 to July 20, 2007 and maintained by Yahoo! related to account holder Jacqueline Hone's subscription with Yahoo!, Yahoo Mail and/or Yahoo Messenger.

Exhibit A.

After receiving the foregoing subpoena from defense counsel, I immediately objected to same in a writing to the Custodian of Records for Yahoo! dated March 28, 2008. Exhibit B. By letter dated April 15, 2008, defense counsel advised that the subpoena was served on Yahoo! on April 3, 2008, and is returnable on its face on April 18, 2008. Exhibit C.

Plaintiff's civil action alleges that she was damaged by hostile work environment sexual harassment infecting Defendants' workplace, including quid pro quo harassment, which went unaddressed and/or remediated despite her multiple written and verbal requests. Plaintiff Hone also suffered retaliation when she complained and/or objected to Defendants' discriminatory and harassing misconduct.

The Yahoo! subpoena duces tecum served by Defendants Presidente USA, Inc., and Gevity HR, Inc., should be quashed pursuant to Federal Rule of Civil Procedure 45(c)(3)(A) as it requires the disclosure of Plaintiff Hone's personal and confidential communications, and other protected matter, for which no exception or waiver applies. The material sought in the subpoena also subjects Plaintiff Hone to undue burden due to its irrelevance to this case and intrusion into her personal affairs.

## 2.    Defendants Should be Ordered to Produce Non-privileged Service Documents

As Your Honor may recall from the March 18, 2008 scheduling conference, Plaintiff's counsel raised the issue of serving the Complaint on two (2) entities in the Dominican Republic that employed Plaintiff Jacqueline Hone. They are Grupo Leon Jimemes, Ltd., and Cerveceria Nacional Dominicana, and, as represented, we had hired a process server as of March 18th to serve them with the Complaint. Counsel for Defendants Presidente USA, Inc., and Gevity HR, Inc., represented during the conference that any attempt to join these entities to this case would result in a motion to dismiss for lack of jurisdiction.

Subsequent to the March 18th conference, defense counsel represented in a March 31, 2008 letter, responding to Plaintiff's request for the identification of an electronic

discovery person pursuant to Local Civil Rule 26.1(d)(1), that Ms. Luisa Arias of Cerveceria Nacional Dominicana was such person and that she could only be contacted through defense counsel's office. Exhibit D. Based on this representation, and the fact that Plaintiff had already hired a process server to serve the Complaint on Cerveceria Nacional Dominicana and Grupo Leon Jimenes in the Dominican Republic, I wrote to defense counsel pursuant to <u>Federal Rule of Civil Procedure</u> 4(d) requesting waiver of the service of process on Cerveceria Nacional Dominicana. Exhibit E. Defense counsel phone me that day to advise that Cerveceria Nacional Dominicana had already been served, and that he had received documents to the effect. By letter to defense counsel dated April 8th, which also served Plaintiff's discovery, I requested production of the non-privileged documents evidencing service on Cerveceria Nacional Dominicana and/or Grupo Leon Jimenes. Exhibit F. In defense counsel's April 15th letter advising on service of the Yahoo! subpoena (Exhibit C hereto), he further advised that no documents evidencing service on the Domincan Republic entities would be produced because they are privileged and confidential attorney-client communications. This representation not only conflicts with Local Civil Rule 34.1, which requires defense counsel to indicate if the documents exist (i.e., affidavits of service), but is also objectionable given his prior representation that service was effected. Documentation of that occurrence cannot be privileged, and should be produced as we have not yet received the proofs of service and would like to file same pursuant to Federal Rule of Civil Procedure 4 to move this case forward.

For the foregoing reasons, Plaintiff respectfully requests that Defendants Presidente USA, Inc., and Gevity HR, Inc., be required to produce the non-privileged documents evidencing service of the Complaint on the Dominican Republic entities Cerveceria Nacional Dominicana and/or Grupo Leon Jimenes, Ltd. In the event Defendants contend that all such documents are privileged, Plaintiff requests an <u>in camera</u> review by Your Honor to determine what documents should be produced.

I thank the Court in advance for its courtesies.

Respectfully Submitted,
NIEDWESKE BARBER

Christopher W. Hager

Attachments

Cc:   Eric A. Savage, Esq. (via fax only, w/attachments)
       Susan Engle, Esq. (via fax only, w/attachments)



# LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

April 18, 2008

Eric A. Savage
Direct: 973.848.4706
Direct Fax: 973.643.5626
esavage@littler.com

## VIA FACSIMILE: (973) 645-2469

Honorable Esther Salas
United States Magistrate Judge
Martin Luther King, Jr. United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:    Jacqueline Hone v. Presidente USA, Inc. et al.
       Civil Action No. 07-1844 (HAA) (ES)

Dear Magistrate Judge Salas:

This office represents defendants Presidente USA, Inc., Cerveceria Nacional Dominicana ("CND"), Grupo Leon Jimenes, Ltd.("GLJ") and Gevity HR, Inc. in the above matter. We write in response to the letter motion dated April 16, 2008 filed by plaintiff's counsel seeking (a) to quash a subpoena served by our office on Yahoo!, seeking production of plaintiff's email account, and (b) to compel our office to produce "documents evidencing proof of service of Plaintiff's Complaint on the two Dominican Republic entities that employed her". We will address these items in order.

With respect to the discovery motion, it is not ripe for decision because plaintiff failed to abide by the requirements of Local Rule 37.1. That Rule requires counsel to attempt to resolve differences concerning discovery disputes before involving the Court, and further mandates that in any applications to the Court involving discovery issues, counsel must specify for the Court when and how efforts were made to resolve the issue without involving the Court.

The present application contains no such statement because counsel made no effort at all to contact us to try to resolve this issue. We have a good faith reason to believe that plaintiff's private emails contain information about her allegations of sexual harassment and the alleged emotional distress that they produced. In addition to offering further information about plaintiff's experience during her employment at Presidente, her state of mind, and the events which led to her resignation in July 2007, the materials that we expect would be produced by Yahoo! may well lead to the identification of additional witnesses who can testify about plaintiff's emotional condition, other stressors that we believe caused emotional distress having nothing to do with any events at Presidente, and her relationship with the alleged harasser. Since plaintiff has affirmatively placed her personal and emotional state in issue,

Hon. Esther Salas, U.S.M.J.
April 18, 2008
Page 2

discovery relating to those issues is essential for the defense of the case and denying
defendants access to what may be a fertile source of data on those subjects would be
prejudicial.

If plaintiff has a proposal about how certain privacy or other issues might be addressed, we
are prepared to discuss them in good faith. However, it is improper for plaintiff to seek a
wholesale striking of a properly issued subpoena without making the effort to suggest what
her specific concerns might be and a means by which those concerns could be addressed.
For these reasons, the application should be denied in full.

The application to compel production of documents relating to the alleged service of process
is puzzling. First, plaintiff was not employed by either CND or GLJ. Moreover, we are not
at all clear what documents plaintiff is seeking. Plaintiff apparently attempted service of
process on one or both of the Dominican entities by sending the Summons and Complaint to
CND's facility in Santo Domingo, Dominican Republic, by unregistered United States
Priority Mail. The package was received by CND on April 1, 2008. To our understanding,
there was no personal service made or attempted, and it is unclear to us whether the envelope
in which the materials were sent was addressed to CND or GLJ. We assume that they were
addressed to CND, because GLJ is not located at the same facility as CND. In any event,
there has been no proof of service filed with the Court concerning the alleged service of
process. Copies of the materials that CND received were forwarded to us, and
communications with our office are presumptively privileged. Whether that service is valid
as to CND and whether the Court can properly exercise personal jurisdiction over that
defendant, or over GLJ if and when that company is ever served, are issues which would not
be affected by internal documents concerning service of process, even if they did exist.

We are not aware of the existence of any non-privileged documents regarding service. In
fact, twenty-four hours **before** plaintiff submitted the within application, we advised counsel
as such. A copy of my April 15 letter, which was faxed to counsel at 12:45 p.m. that day
according to our fax records, is attached as Exhibit A.

As a result, and since we have already responded to the request and advised plaintiff that we
have no knowledge of documents responsive to his request, the application should be denied.

Hon. Esther Salas, U.S.M.J.
April 18, 2008
Page 3


We remain available for any conferences or telephone calls that Your Honor may deem
necessary in this matter.

Respectfully yours,

Eric A. Savage

EAS/hdw
cc:    Christopher W. Hager. Esq. (via fax)
       Susan Engle, Esq. (via fax)


Firmwide:84963857.1 046687.1081