**NB NIEDWESKE BARBER**
ATTORNEYS AT LAW

98 Washington Street
Morristown | New Jersey | 07960
973.401.0064
973.401.0061 fax

www.n-blaw.com

140 Broadway, 46th Floor
New York | New York | 10005
212.208.1496
212.858.7750 fax

RECEIVED
MAY 2 7 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

May 27, 2008

VIA OVERNIGHT COURIER

Clerk's Office
280 South 1st Street
San Jose, California 95113

CV 08 - 80071 MISC. JF

HRL

Re: Hone v. Presidente U.S.A., Inc., et al.
U.S. District of New Jersey Civil Action No. 07-5635 (HAA)(ES)
**Miscellaneous No. CV 08-8007|**

Dear Honorable Judge of the United States District Court, Northern District of California:

This firm represents Plaintiff Jacqueline Hone in this civil action filed in the U.S. District Court for the District of New Jersey alleging hostile work environment and quid pro quo sexual harassment, as well as retaliation, pursuant to the New Jersey Law Against Discrimination (hereinafter "LAD"). Plaintiff respectfully submits this letter brief, in lieu of a more formal brief, in support of her motion to quash the discovery subpoena duces tecum issued by this Court and then served on Yahoo! on April 3, 2008, by Defendants Presidente U.S.A., Inc., and Gevity, H.R. Plaintiff requests that Defendants' subpoena be quashed under Federal Rule of Civil Procedure 45(c)(3) because it (1) violates her rights protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701-03 (hereinafter the "Privacy Act"), and (2) is an undue burden because it is overbroad, unduly burdensome, and seeks the production of privileged documents. Plaintiff also respectfully submits that, should this Court determine that electronic communications are to be produced, they should first be reviewed in camera before production to the Defendants.

1

1. **Factual Background**

Plaintiff respectfully incorporates herein, in its entirety, the Declaration of her counsel dated May 27, 2008.

2. **Defendants' Subpoena Should Be Quashed**

As set forth in Paragraph 10 of Plaintiff's moving Declaration, Defendants' discovery subpoena served on Yahoo! commands production of the following documents:

> The content of any and all electronic files, e-mail messages (with attachments), Instant Message communications and/or any other communication created any time between August 20, 2001 to July 20, 2007 and maintained by Yahoo! related to account holder Jacqueline Hone's subscription with Yahoo!, Yahoo mail and/or Yahoo Messenger.

Leading decisions by the United States Court of Appeals for the Ninth Circuit, United States District Court for the Northern District of California, and United States District Court for the Eastern District of Virginia have quashed discovery subpoenas substantially similar to the Defendants' subpoena herein. See Theofel, et al. v. Farey-Jones, et al., 359 F.3d 1066 (9th Cir., 2003), cert. denied, 543 U.S. 813 (2004); Federal Trade Commission v. Netscape Communications Corp., 196 F.R.D. 559 (N.D. Cal., 2000); In re Subpoena Duces Tecum to AOL, LLC, 2008 U.S. Dist. LEXIS 39349 (E.D. Va., Apr. 18, 2008)(relying on decisions including Theofel and FTC v. Netscape). Each of these Courts quashed the discovery subpoena challenged therein pursuant to the Privacy Act, which Plaintiff Hone requests be done to Defendants' discovery subpoena.

A. **The Privacy Act Compels The Quashing of Defendants' Subpoena**

The Privacy Act "protects individuals' privacy and proprietary interests. The Act reflects Congress's judgment that users have a legitimate interest in the confidentiality of

communications in electronic storage at a communications facility. . . . [and] protects users whose electronic communications are in electronic storage with an ISP or other electronic communications facility." Theofel, 359 F.3d at 1072-73. The Privacy Act protects "privacy interests in personal information stored in computerized systems [and] creates a zone of privacy to protect internet subscribers from having their personal information wrongfully used and publicly disclosed by 'unauthorized private parties'". In re Subpoena Duces Tecum to AOL, LLC, 2008 U.S. Dist. LEXIS at *8 (citing S. REP. No. 99-541, at 3 (1986), as reprinted in 1986 U.S.C.C.A.N. 3555, 3557).

Section 2701 of the Privacy Act "clearly establishes a punishable offense for intentionally accessing without or exceeding authorization and obtaining electronic communications stored at an electronic communication service facility." Id. at *7 (citing 18 U.S.C. § 2701). Section 2702 "plainly prohibits an electronic communications or remote computing service to the public from knowingly divulging to any person or entity the contents of customers' electronic communications or records pertaining to subscribing customers." Id. (citing 18 U.S.C. § 2702(a)). Plaintiff Hone respectfully submits that Yahoo! is a "provider of electronic communication service" under the Privacy Act, see FTC v. Netscape, 196 F.R.D. at 560, and that her "electronic communications or records pertaining" to her communications should be barred from disclosure to Defendants under the Privacy Act. See Theofel, 359 F.3d at 1075 (holding that an internet user's e-mail messages stored by an ISP – such as Yahoo! herein – are in "electronic storage" pursuant to the Privacy Act, and protected from disclosure.)

In Theofel, the Ninth Circuit reversed the district court's dismissal of Plaintiffs' claim that Defendants violated Plaintiffs' rights under the Privacy Act. Plaintiffs' claim

3

was based on a discovery subpoena issued by Defendants, during a commercial litigation in New York, to the Plaintiffs' ISP (NetGate) for Plaintiffs' stored e-mails. 359 F.3d at 1071. Defendants' unlawfully broad subpoena (similar to Defendants' subpoena in the instant matter) demanded the production of "all copies of emails sent or received by anyone", with no limitations as to scope. Id. The ISP provided Defendants with Plaintiffs' e-mails, although "[m]ost were unrelated to the litigation, and many were privileged or personal." Id. In affirming the district court's decision to quash the subpoena and award sanctions, the Ninth Circuit emphasized that the Privacy Act protects a user's electronic communications stored with an ISP as a reflection of "Congress's judgment that users have a legitimate interest in the confidentiality of communications" stored at an ISP. Id. at 1072. The court concluded that the Defendants' invalid subpoena "effected an 'invasion . . . of the specific interests that the [Privacy Act] seeks to protect.'" Id. at 1074 (quoting J.H. Desnick, M.D., Eye Servs., Ltd. v. ABC, 44 F.3d 1345, 1352 (7th Cir. 1995)).

In FTC v. Netscape, the FTC issued a subpoena through the U.S. District Court for the Northern District of California as part of pre-trial discovery in a civil action filed in the U.S. District Court for the Eastern District of Virginia. "The subpoena sought the production of documents indicating personal information relating to the following e-mail addresses: 'kewling@netscape.net' and 'hugsandkissamanda@netscape.net.' The information the FTC sought from the documents included the account holders' names, addresses, telephone numbers and billing records, and the length and type of service provided to them by Netscape." 196 F.R.D. at 559. After the ISP, Netscape, objected to the subpoena, the FTC filed a motion to compel based on the argument that its discovery

subpoena compelled disclosure of the subpoenaed information. Id. at 560. This Court rejected the FTC's argument, and denied its motion, by concluding that enforcing a discovery subpoena duces tecum to disclose a subscriber's electronic communications would be an impermissible "end-run around" the Privacy Act's protections through a Rule 45 subpoena. Id. at 561. This is precisely what the Defendants herein are trying to accomplish with the subpoena duces tecum challenged on this motion, which is substantially similar to the discovery subpoena served on an ISP that was recently quashed under the Privacy Act by the U.S. District Court for the Eastern District of Virginia in In re Subpoena Duces Tecum to AOL, LLC, 2008 U.S. Dist. LEXIS 39349 (E.D. Va., Apr. 18, 2008).

At issue there was a civil discovery subpoena by State Farm Fire & Casualty Company relating to an action pending in the Southern District of Mississippi. The subpoena sought production of documents relating to non-party witnesses (Mr. and Mrs. Rigsby), who had also filed a separate qui tam action against State Farm regarding Hurricane Katrina insurance coverage. 2008 U.S. Dist. LEXIS at *2-3. The subpoena requested documents from the Rigsbys' e-mail accounts relating to different aspects of the coverage issues, as well as "any and all documents, including electronically stored information, related to Cori Rigsby's e-mail account or address from September 1, 2007, to October 12, 2007, a six-week period where Cori Rigsby and her attorneys allegedly concealed from State Farm that her computer had crashed." State Farm made numerous specific allegations relating to the Rigsbys' misappropriation of "15,000 confidential documents from a State Farm laptop computer" that were then forwarded to their personal AOL accounts before being used by an attorney to file hundreds of lawsuits

against State Farm. Id. at *3-4. The Rigsbys argued that State Farm's subpoena to AOL sought disclosure of documents that were privileged, personal, and unrelated to the civil lawsuit, and moved to quash the subpoena, which was granted by the U.S. Magistrate Judge. Id. at *6.

The District Court upheld the Magistrate's Order "because the plain language of the Privacy Act prohibits AOL from producing the Rigsbys' e-mails, and the issuance of a civil discovery subpoena is not an exception to the provisions of the Privacy Act that would allow an internet service provider to disclose the communications at issue here." Id. at *6-7. The Court found the Privacy Act's statutory language to be "conclusive because it contains plain and unambiguous language and a coherent and consistent statutory scheme." Id. at *7. Relying on Theofel, FTC v. Netscape, as well as the decision by the Court of Appeal of the State of California, Sixth Appellate District in O'Grady v. Superior Court, 44 Cal. Rptr.3d 72 (Cal. Ct. App. 2006), the District Court held that "the clear and unambiguous language of § 2702" prohibited "AOL, a corporation that provides electronic communication services to the public" from "divulg[ing] the contents of the Rigsbys' electronic communications to State Farm because the statutory language of the Privacy Act does not include an exception for the disclosure of electronic communications pursuant to a civil discovery subpoena." Id. at *8-13. Specifically following the reasoning of Theofel, the District Court also concluded "that the Privacy Act protects the Rigsbys' stored e-mails because the Rigsbys have a legitimate interest in the confidentiality of their personal e-mails being stored electronically by AOL." Id. at 14. The Court affirmed the Magistrate's Order quashing

"State Farm's subpoena because the Privacy Act's enumerated exceptions do not authorize disclosure pursuant to a civil discovery subpoena." Id.

Based on the foregoing authority, Plaintiff Jacqueline Hone respectfully requests that this Court grant her motion to quash the discovery subpoena duces tecum by Defendants President U.S.A., Inc., and Gevity H.R., as it violates her statutory rights protected by the Privacy Act. The subpoena, which demands that Yahoo! produce "any and all electronic files, e-mail messages (with attachments), Instant Message communications and/or any other communication created any time between August 20, 2001 to July 20, 2007 and maintained by Yahoo! related to account holder Jacqueline Hone", is unlimited as to scope, and impermissibly seeks the disclosure of her electronic communications that are privileged, personal, and unrelated to this civil lawsuit. In contrast to State Farm's specific allegations against the Rigsbys that implicated their personal AOL account, Defendants have not made, and cannot make, any showing that Plaintiff Hone's personal electronic communications are relevant to this case. They also have failed to show that the information purportedly contained in her electronic communications cannot be obtained through less burdensome means. As a result, Defendants' subpoena duces tecum should be quashed pursuant to the Privacy Act as it "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

**B.    Defendants' Subpoena Creates an Undue Burden on Plaintiff Hone**

Federal Rule of Civil Procedure 45(c)(3)(A)(iv) provides that "the court by which a subpoena was issued shall quash or modify the subpoena if it subjects a person to undue burden." A subpoena imposes a party to undue burden when it is overbroad. In re

7

Subpoena Duces Tecum to AOL, LLC, 2008 U.S. Dist. LEXIS at *15 (citing Theofel, supra, 359 F.3d at 1071-72).

The District Court in In re Subpoena Duces Tecum to AOL, LLC affirmed the quashing of State Farm's subpoena because it imposed an undue burden on the Rigsbys "by being overbroad and requesting 'all' of Cori Rigsby's e-mails for a six-week period." This fatal flaw in State Farm's subpoena also exists in the Defendants' discovery subpoena to Yahoo! in the instant matter, which commands production of "any and all" electronic communications "created any time between August 20, 2001 to July 20, 2007" that are "related to" Plaintiff Jacqueline Hone. Not only does the massive scope of this request demand the production of communications that are irrelevant to this civil action, as well as being privileged, it also calls for the production of documents that will identify individuals involved in those private communications with Plaintiff Hone. This overbreadth further supports the discovery subpoena being quashed.

In Subpoena Duces Tecum to AOL, the court followed the rationale of Theofel in concluding that "State Farm's subpoena is overbroad because it does not limit the e-mails requested to those containing subject matter relevant to the underlying action or sent to or from employees connected to the litigation, other than Cori Rigsby, [and] because the e-mails produced over [the subpoenaed] six-week period would likely include privileged and personal information unrelated to the [underlying] litigation, imposing an undue burden on Cori Rigsby." 2008 U.S. Dist. LEXIS at *16-17. The Defendants' subpoena duces tecum challenged in this motion demands the production of documents over almost a **six-year period**, and is unlimited in its scope of electronic communications demanded from that time period. Consistent with the rationale and holdings in Theofel and

Subpoena Duces Tecum to AOL, Plaintiff Jacqueline Hone respectfully submits that Defendants' subpoena duces tecum in the instant matter should be quashed pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iv) based on the undue burden it imposes on her.

### 3.    Conclusion

For the foregoing reasons, and pursuant to Federal Rule of Civil Procedure 45(c)(3), Plaintiff Jacqueline Hone respectfully requests that this Court quash Defendants' discovery subpoena duces tecum served on Yahoo!

> Respectfully Submitted,
> NIEDWESKE BARBER
> Attorneys for Plaintiff Jacqueline Hone
>
> Christopher W. Hager

Encl.

Cc:   Eric A. Savage, Esq. (via overnight courier, w/encl.)
      Susan R. Engle, Esq. (via overnight courier, w/encl.)