ERIC A. SAVAGE, ESQ.
esavage@littler.com
GEIDA D. SANLATE, ESQ.
gsanlate@littler.com
MARLENE S. MURACO, ESQ. – CA BAR NO. 154240
mmuraco@littler.com
**LITTLER MENDELSON**
A Professional Corporation
One Newark Center – Eighth Floor
Newark, New Jersey 07102.5311
Telephone: 973.848.4700
Facsimile:   973.643.5626

Attorneys for Defendants
PRESIDENTE U.S.A., INC., CERVECERIA NACIONAL DOMINICANA,
GRUPO LEON JIMENES, and GEVITY HR, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE HONE,<br><br>Plaintiff,<br><br>vs.<br><br>PRESIDENTE U.S.A., INC., CERVECERIA NACIONAL DOMINICANA, GRUPO LEON JIMENES, LTD., ADMINISTAFF, INC., GEVITY H.R., and PHILLIP MORRIS,<br><br>Defendants. | Miscellaneous Case No. CV 08-8007 (HRL)<br><br>**DECLARATION OF ERIC A. SAVAGE IN OPPOSITION TO PLAINTIFF'S MOTION TO QUASH THE SUBPOENA *DUCES TECUM* SERVED BY DEFENDANTS ON YAHOO!**<br><br>The Honorable Howard R. Lloyd, U.S.D.J. |

**ERIC A. SAVAGE**, of full age, hereby declares pursuant to 28 U.S.C. §1746:

1.  I am a shareholder in the law firm of Littler Mendelson, P.C., attorneys for defendants Gevity HR, Inc. ("Gevity"), Presidente U.S.A., Inc. ("Presidente"), Cerveceria Nacional Dominicana ("Cerveceria"), and E. Leon Jimenes, sued herein as Grupo Leon Jimenes ("Grupo") (collectively, "Defendants"), in the matter filed against them in the United States District Court of the District of New Jersey, bearing Civil Action No. 07-5635 (HAA) (ES). I have personal knowledge of the within matters and I submit this Declaration in opposition to Plaintiff's Motion to Quash the Subpoena *Duces Tecum* Served by Defendants on Yahoo!,

pursuant to Rule 7-5 of the Court's Local Rules.

2. The motion arises in the context of an action brought by plaintiff Jacqueline Hone ("plaintiff") against her former employer, Presidente, and additional defendants alleging hostile work environment sexual harassment, *quid pro quo* sexual harassment and retaliation under the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 et seq. ("NJLAD"), constructive discharge, and emotional damages. (*See* Complaint, Exhibit A). The action was filed on October 18, 2007.

3. The Complaint alleges that plaintiff was harassed during the entirety of her employment with Presidente, which lasted from August 2001 until her resignation on July 20, 2007. While the Complaint alleges that she was harassed by supervisors, colleagues and subordinates, the Complaint identifies only one alleged harasser by name, i.e., Leonidas Marti. (Exhibit A, ¶ 11 and 23).

4. In her Rule 26 Disclosures, dated March 7, 2008, plaintiff identified 57 individuals as persons likely to have discoverable information about the alleged harassment and her claims. (Exhibit B).

5. On March 18, 2008, the participated in a Rule 16 Status Conference with Hon. Esther Salas, U.S.M.J. During this Conference, plaintiff's counsel advised the Court of their intention to retain at least three experts, including one to testify about plaintiff's emotional distress and another to testify as to how the alleged harassment exacerbated certain medical conditions of plaintiff. Although the Complaint mentions that plaintiff underwent a lumpectomy several months prior to her resignation (Complaint, ¶ 37), neither the Complaint nor plaintiff's discovery responses have specified the medical condition allegedly exacerbated by the alleged harassment. Plaintiff's responses to Defendants' Interrogatories identify Susan Cohen Esquilin, Ph.D. as a psychologist and an expert; but plaintiff fails to identify the substance of Dr.

Esquilin's opinion. (*See* Plaintiff's Responses to Gevity's First Set of Interrogatories, pp. 1-22; Exhibit C).

6. In her response to the interrogatories propounded by Gevity, plaintiff has identified eight individuals as the alleged harassers (including Mr. Marti) and forty-four additional individuals as persons who possess knowledge of the relevant facts of her claims. (Exhibit C and Hernandez Declaration). After receiving plaintiff's Rule 26 Disclosures, Defendants received copies of what appears to be email or text conversations exchanged between Plaintiff and Mr. Marti. (Exhibit D). Mr. Marti is no longer employed by Presidente, as reflected on Employee Termination Report annexed as Exhibit E.

7. On March 26, we advised plaintiff's counsel of our intention to serve a subpoena to Yahoo! and that Plaintiff's express consent would be required in order for Yahoo! to comply with the subpoena and disclose any electronic communications. (Exhibit F).

8. When we served the subpoena on Yahoo!, by letter dated March 31, 2008, we asked Yahoo! to send us the consent form for execution by plaintiff. (Exhibit G).

9. By letters dated March 28 and April 15, 2008, plaintiff's counsel advised Yahoo! of its intention to file the within motion and directed Yahoo! not to produce any documents, "unless otherwise directed by the Court." (Exhibit H).

10. To date, Yahoo! has not provided the User Consent Form required for disclosure of the subject electronic communications.

11. Service of the subpoena was made on April 3, 2008.

12. On April 16, 2008, without first meeting and conferring to attempt to resolve the dispute as required by Federal Rule of Civil Procedure 26(c) and Local Rule 37.1(a)(1), plaintiff's counsel filed an "emergency" motion before the District Court of New Jersey to quash the subpoena. (Exhibit I).

13.     On April 18, we responded and advised the Court that the motion was "not ripe for decision because plaintiff [had] failed to abide by the requirements of Local Rule 37.1." (Exhibit J).

14.     In a telephone conference held on May 12, 2008, Magistrate Judge Salas declined to hear the motion to quash and recommended that plaintiff's counsel re-file it with proper notice and only after plaintiff's counsel met and conferred with our office to attempt to resolve this dispute.

15.     On or about May 27, 2008, plaintiff's counsel filed the within motion before this Court. To date, however, counsel has failed to attempt to meet and confer even prior to filing the motion which is now before this Court.

I hereby declare under penalty of perjury that the foregoing is true and correct.

*/s/ Eric A. Savage*
Eric A. Savage

Dated: June 30, 2008

Firmwide:85668644.1 046687.1081