

10/26/2007 13:35 FAX 9734010061          NIEDWESKE BARBER PC                          ☒007

**NIEDWESKE BARBER**
98 Washington Street
Morristown, NJ 07960
Tele:   973-401-0064
Fax:    973-401-0061
www.n-blaw.com
Attorneys for Plaintiff Jacqueline Hone

SUPERIOR COURT BERGEN COUNTY
F I L E D

OCT 1 6 2007

DEPUTY CLERK

JACQUELINE HONE,

                    Plaintiff,

v.

PRESIDENTE U.S.A., INC., CERVECERIA
NACIONAL DOMINICANA, GRUPO LEON
JIMENES, LTD., ADMINISTAFF, INC.,
GEVITY H.R., and PHILLIP MORRIS,

                    Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION – BERGEN COUNTY
DOCKET NO. L-7109-07
                    Civil Action

COMPLAINT AND JURY DEMAND

       Plaintiff, Jacqueline Hone ("Hone"), by way of Complaint against Defendants Presidente

U.S.A., Inc. ("Presidente"), Cerveceria Nacional Dominicana ("CND"), Grupo Leon Jimenes

("GLJ"), Administaff, Inc. ("Administaff"), Gevity H.R. ("Gevity"), and Phillip Morris

(collectively referred to as the "Defendants") says:

                                    **THE PARTIES**

       1.      Plaintiff Hone is a New Jersey Citizen residing at 30 Carriage Lane, Village of

Ridgewood, County of Bergen, and State of New Jersey.

       2.      Upon information and belief, Defendant Presidente has a principal place of business

located at 8280 NW 27th Street, Suite 518, City of Miami, County of Dade, and State of Florida.

Defendant Presidente is in the business of marketing and promotional company for Presidente

beer for its parent company Defendant CND.

10/26/2007 13:55 FAX 9734010081          NIEDWESKE BARBER PC                                    ✉ 008

3.    Upon information and belief, Defendant CND is a Dominican Republic Corporation with its principal place of business located at Aut 30 de Mayo Km 6 ½ Santo Domingo, DN, Republica Dominicana.   Defendant CND is in the primary business of brewing beer and manufacturing cigars.

4.    Upon information and belief, Defendant GLJ is a Dominican Republic Corporation with its principal place of business located at Aut 30 de Mayo Km 6 ½ Santo Domingo, DN, Republica Dominicana.   Defendant GLJ is in the primary business of producing and distributing consumer products worldwide, including, but not limited to, beer and cigars.

5.    Upon information and belief, Defendant Administaff has corporate offices located 19001 Crescent Springs Drive, Town of Kingwood, County of Harris, State of Texas 77339-3802.   Defendant Administaff provides comprehensive personnel management services to small and medium businesses, including benefits and payroll administration, personnel records management, and employer liability management.

6.    Upon information and belief, Defendant Gevity has corporate offices located at 9000 Town Center Parkway, Town of Bradenton, County of Manatee, State of Florida 34202.   Defendant Gevity provides comprehensive human resources services in order to improve its clients' business performance by streamlining human resources administration, optimizing human resources practices, and maximizing people and performance.

7.    Upon information and belief, Defendant Phillip Morris has corporate offices located at 6601 West Broad Street, Richmond, Virginia 23230.   Among other areas, Defendant Phillip Morris is in the business of manufacturing and distributing cigarettes and supplying beer to distributors.

OCT-30-2007  12:22          PRESIDENTE USA                      786 331 8273          P.008

## STATEMENT OF FACTS

8.    In or about August 2001, Plaintiff Hone began her employment with Defendant Presidente as a Marketing Assistant.

9.    As of August, 2001, Plaintiff Hone's benefits and pay were administered through Defendant Administaff which had a co-employment agreement with Defendant Presidente.

10.    In or about April 2007, Defendant Presidente entered into a co-employment agreement with Defendant Gevity, which provided Plaintiff Hone with her benefits and salary until her constructive termination on or about July 20, 2007.

11.    During the entirety of her employment with Defendants, Plaintiff Hone was subjected to systematic and continuous *quid pro quo* and hostile work environment sexual harassment by her supervisors, colleagues and subordinates.

12.    Throughout her employment, comments of a sexual nature were commonplace, such as "Look at her ass," "what I wouldn't do to her," "gay men take it in the ass," and explicit comments regarding Plaintiff Hone's hair, body, clothing, and breasts.

13.    Also commonplace were gestures of a sexual nature, such as feigned sexual acts.

14.    In or around 2001, Defendant Administaff's Human Resources representative, Rosa Benzant, witnessed the sexual harassment first hand. She advised Defendant Presidente's Brand Manager, Felix Sencion, that Defendant Presidente could be held liable for the illegal conduct. Despite Defendants' actual knowledge of the hostile environment, they did nothing.

15.    Plaintiff Hone asked her colleagues and subordinates to stop the sexual harassment, but was advised that the atmosphere was part of the "Dominican culture" and she would be well-served to participate rather than remain distant.

3

16.    When Plaintiff Hone's requests failed, she complained to upper management, including but not limited to Elvira Hernandez, Franklin Leon, Felix Sencion, to intervene on her behalf and stop the harassing environment.  She was told that she had a "naturally sexy look" and, therefore, there was nothing that management could do to minimize the hostile work environment.

17.    For the next several years, Plaintiff Hone regularly complained about her working environment, including sexual harassment, to Ms. Hernandez, Mr. Marti, and Mr. Sencion, all of whom failed to intervene on her behalf.

18.    Plaintiff Hone's complaints were the catalyst for the 2003 audit, which was intended to be a review of the entire Defendant Presidente work environment.

19.    In or around August 2003, Defendant GLJ issued a memorandum from its Human Resources Department to all Defendant Presidente employees notifying them that the Hay Group has been retained to evaluate the Company's work environment and management styles.  The Hay Group's involvement never came to fruition.

20.    As a result of Plaintiff Hone's complaints of sexual harassment, beginning at the end of 2003, she was excluded from various trips sponsored by the Miller Brewing Company, which had recently merged with Defendant Presidente.

21.    Plaintiff Hone, the only female manager at Defendant Presidente, was advised that she would not be attending the trips because of the drinking and carousing among the participants, activities which Defendant Presidente was aware Plaintiff Hone did not enjoy.

22.    In or about December 2003, Plaintiff Hone was planning to relocate with Defendant Presidente's corporate headquarters to Miami, Florida where she was told there were would more opportunity for professional growth and development.

4

23.    Immediately prior to her move, Leoni Marti, Plaintiff Hone's Director, told her that he wanted more from their relationship than just professional colleagues.

24.    Plaintiff Hone rejected his advances and, immediately thereafter, was told that she would not be moving to Miami.

25.    Plaintiff Hone was told that Miami was no longer an option. She was given the ultimatum to remain in New Jersey working in the field or leave the Company.

26.    Plaintiff Hone's new job title was Chain Account Manager with substantially more work than previously performed, but for the same pay.

27.    Plaintiff Hone complained that her male counterparts were earning substantially more than her for the same or even less work.

28.    Her salary was only minimally adjusted.

29.    Plaintiff Hone's complaints about the disparate pay were confirmed by audits conducted by Defendant Jimenez and Defendant Phillip Morris, Elvira Hernandez, Leoni Marti, and Miroslava Pestana.

30.    Plaintiff Hone's complaints of sexual harassment continued throughout the entirety of her employment with Defendants. Notwithstanding Plaintiff Hone's complaints, Defendants took no remedial action and the hostile work environment persisted.

31.    In retaliation for her complaints, Plaintiff Hone was frozen out by management.

32.    From December, 2006 to May, 2007, Plaintiff Hone had no verbal communication or direction from Franklin Leon.

33.    Her subordinates, business associates, distributors, suppliers, and clients were given instructions by Defendant Presidente's management which had the effect of bypassing Plaintiff Hone and undermining her authority.

10/26/2007 13:56 FAX 9734010081          NIEDWESKE BARBER PC                    ☒012

34.    Plaintiff Hone would learn of events, which her budget was funding, after the event was already planned and the money spent. This action was in direct contravention to Defendant Presidente's procedures and diminished the monies Plaintiff Hone had available for her own district.

35.    On or about April 26, 2007, Plaintiff Hone filed a complaint with Franklin Leon.

36.    On or about May 1, 2007, Franklin Leon offered to meet with Plaintiff Hone, but reneged and referred her complaints to Defendant Gevity.

37.    On or about May 1, 2007, Plaintiff Hone underwent a lumpectomy. She remained out of work for only three (3) days because of fear that her absence would leave her vulnerable to continued retaliation and other adverse employment actions.

38.    On or about May 8, 2007, Plaintiff Hone met with Defendant Gevity.

39.    From June 13, 2007 to July 4, 2007, Plaintiff Hone went on a medical leave of absence.

40.    Upon her return, Plaintiff Hone received a memorandum, dated June 28, 2007, which summarized a visit by Franklin Leon regarding stores in Plaintiff Hone's division.

41.    The memorandum fabricated various business issues and was a pretext for discrimination and retaliation.

42.    In a memorandum, dated July 20, 2007, Plaintiff Hone responded to Mr. Leon's accusation. She charged Defendant Presidente with retaliating against her for disclosing mismanagement, waste of funds, continual harassment, unhealthy work environment, and the Company's unwillingness to take effective action regarding her previous complaints of sexual harassment, whistle blowing, and wage and salary discrimination based on gender.

9

OCT-30-2007  12:29          PRESIDENTE USA               786 331 8272      P.012

10/26/2007 13:57 FAX 9734010061          NIEDWESKE BARBER PC                    ☒013

43.   Plaintiff Hone concluded her memorandum by surrendering to Defendants' goal to have her resign.  She recounted the years of intimidation, retaliation, and harassment, which culminated with the destruction of her reputation and credibility.

44.   As a result of these intolerable conditions, Plaintiff Hone was forced to terminate her employment, effective July 20, 2007.

### FIRST COUNT
### (NJLAD - Sexual Hostile Work Environment)

45.   Plaintiff Hone repeats the previous allegations as if set forth at length herein.

46.   Throughout Plaintiff Hone's employment with Defendants, she was subjected to hostile work environment sexual harassment.

47.   The conduct and comments previously set forth occurred because of Plaintiff's gender.

48.   The conduct and comments were severe and/or pervasive enough to make a reasonable woman believe the working conditions were altered and that the working environment was intimidating and harassing.

49.   As a result of Defendants' failures and inactions, they are liable for all damages resulting from the sexually hostile environment.

50.   This hostile work environment sexual harassment was in violation of the New Jersey Law Against Discrimination ("NJLAD").

51.   Plaintiff Hone repeatedly complained to Defendants' upper management, but the hostile work environment sexual harassment was not addressed, let alone remediated.

52.   Defendants' upper management demonstrated a willful indifference to Plaintiff Hone's complaints of sexual harassment.

OCT-30-2007  13:23          PRESIDENTE USA          786 331 8272          P.013

10/26/2007 13:57 FAX 9734010061          NIEDWESKE BARBER PC                                    ☎014

53.    As a direct and proximate result of Defendants' actions, Plaintiff Hone has and continues to suffer loss of income, loss of benefits, and other financial losses.

54.    As a direct and proximate result of Defendants' actions, Plaintiff Hone has experienced and continues to experience pain, suffering, and emotional distress

WHEREFORE, Plaintiff Hone demands judgment against Defendants for compensatory damages, punitive damages, negative tax consequences as a result of any jury verdict, counsel fees, costs of suit, and such other relief as the Court may deem appropriate.

### SECOND COUNT
### (NJLAD – *Quid Pro Quo* Sexual Harassment)

55.    Plaintiff Hone repeats the previous allegations as if set forth at length herein.

56.    Plaintiff Hone was subjected to *quid pro quo* sexual harassment as a result of Leoni Marti's conditioning her advancement with the Company on her acquiescing to his sexual demands.

57.    This *quid pro quo* sexual harassment was in violation of the NJLAD.

58.    As a direct and proximate result of Defendants' actions, Plaintiff Hone has and continues to suffer loss of income, loss of benefits, and other financial losses.

59.    As a direct and proximate result of Defendants' actions, Plaintiff Hone has experienced and continues to experience pain, suffering, and emotional distress.

### THIRD COUNT
### (NJLAD – Retaliation)

60.    Plaintiff Hone repeats the previous allegations as if set forth at length herein.

61.    The retaliation that Plaintiff Hone experienced as a result of her having complained of sexual harassment was in violation of the NJLAD.

OCT-30-2007 12:24          PRESIDENTE USA                          786 331 8272          P.014

62.    Plaintiff Hone repeatedly complained to Defendants' upper management, but the retaliation was unaddressed, let alone remediated.

63.    Defendants' upper management demonstrated a willful indifference to Plaintiff Hone's complaints of retaliation.

64.    Based upon Defendants' retaliatory action and its willful failure to remediate it, Defendants condoned and ratified the illegal conduct.

65.    As a direct and proximate result of Defendants' actions, Plaintiff Hone has experienced and continues to experience pain, suffering and emotional distress.

66.    As a direct and proximate result of Defendants' actions, Plaintiff Hone has and continues to suffer loss of income, loss of benefits, and other financial losses.

WHEREFORE, Plaintiff Hone demands judgment against Defendants for compensatory damages, punitive damages, negative tax consequences as a result of any jury verdict, counsel fees, costs of suit, and such other relief as the Court may deem appropriate.

NIEDWESKE BARBER
Attorneys for Plaintiff

By: Kevin E. Barber
Kevin E. Barber

Dated:  October 16, 2007

### JURY DEMAND

Plaintiff Hone demands trial by jury on all issues.

NIEDWESKE BARBER
Attorneys for Plaintiff

By: _Kevin E. Barber_
      Kevin E. Barber

Dated: October 16, 2007

### DESIGNATION OF TRIAL ATTORNEY

Kevin E. Barber, Esq. is hereby designated as trial counsel in the within matter.

NIEDWESKE BARBER
Attorneys for Plaintiff

By: _Kevin E. Barber_
      Kevin E. Barber

Dated: October 16, 2007

10

10/26/2007 13:55 FAX 9734010861          NIEDWESKE BARBER PC                          ☒017

## CERTIFICATION PURSUANT TO R. 4:5-1

I, Kevin E. Barber, certify as follows:

I am a partner in the Law Firm of Niedweske Barber, attorneys for Plaintiff Hone in the above-entitled action. To the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or arbitration proceeding, and no other action or arbitration proceeding is contemplated, and no other parties should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

NIEDWESKE BARBER
Attorneys for Plaintiff

By: *Kevin E. Barber*
   Kevin E. Barber

Dated: October 16, 2007

11



**NIEDWESKE BARBER**
98 Washington Street
Morristown, New Jersey 07960
Tele:  973-401-0064
Fax:   973-401-0061
www.n-blaw.com
Attorneys for Plaintiff Jacqueline Hone

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JACQUELINE HONE,<br><br>    Plaintiff,<br><br>v.<br><br>PRESIDENTE U.S.A., INC., CERVECERIA NACIONAL DOMINICANA, GRUPO LEON JIMENES, LTD., ADMINISTAFF, INC., GEVITY H.R., and PHILLIP MORRIS,<br><br>    Defendants. | Civil Action No. 07-5635 (HAA)<br><br>Civil Action<br><br>**PLAINTIFF'S DISCLOSURES PURSUANT TO Fed.R.Civ.P. 26(a)** |

Niedweske Barber, 98 Washington Street, Morristown, New Jersey 07960, attorneys for

Plaintiff Jacqueline Hone submits this mandatory disclosure statement pursuant to and in

accordance with Fed.R.Civ.P. 26(a).

**A.** **The names and address of the individuals likely to have discoverable information that the Plaintiff may utilize in support of her claims, excluding solely for impeachment:**

  1. Jacqueline Hone
    30 Carriage Lane
    Ridgewood, New Jersey  07450

  2. Felix Sencion
    Brand Manager
    Presidente USA
    Miami, Florida

3.      <u>Franklin Leon</u>
        Vice Presidente (Export)
        Grupo Leon Jimenes
        Dominican Republic

4.      <u>Leoni Marti</u>
        Dominican Republic

5.      <u>Ricardo Casanueva</u>
        Miami, Florida

6.      <u>Elvira Hernandez</u>
        Human Resources Manager
        Presidente USA
        Miami, FL

7.      <u>Marshall Mears</u>
        Manager
        Presidente USA

8.      <u>Miguel Herrera</u>
        Regional Manager
        Presidente USA
        Miami, Florida

9.      <u>Olety Brador</u>
        Administrative Assistant
        Grupo Leon Jimenes
        Dominican Republic

10.     <u>Candida Hernandez</u>
        Caribbean/Europe Manager
        Grupo Leon Jimenes
        Dominican Republic

11.     <u>Juan Carlos Perez</u>
        Marketing Representative
        Presidente USA
        Miami, Florida
        786-255-4689

12.     <u>Ada Theresa Ramirez</u>
        Marketing Coordinator
        Presidente USA
        New York, New York

2

13.    <u>Mabel Rieumont</u>
       Administrator Assistant
       Presidente USA
       Miami, Florida

14.    <u>Judith Tejada</u>
       Purchasing Agent
       Grupo Leon Jimenes
       Dominican Republic

15.    <u>Amy Chamberlain, PHR</u>
       Human Resources Consultant
       Gevity
       122 East 42nd Street, Suite 700
       New York, New York  10168

16.    <u>Rosa Benzant</u>
       Human Resources
       Administaff
       1251 Avenue of the Americas #2300
       New York, New York

17.    <u>Miroslava Pestana</u>
       8328 Ainsworth Street
       Charlotte, North Carolina  28216

18.    <u>Rafael Menicucci</u>
       Grupo Leon Jimenes
       Dominican Republic

19.    <u>Hector Marine</u>
       Phillip Morris International
       Sub-contracted to Grupo Leon Jimenes
       Dominican Republic

20.    <u>Felix Betancourt Ortiz</u>
       Hay Group
       Torre Mercedes, Piso 9, Paseo Colon con Calle 24
       Apartado Postal 1560-1000
       San Jose, Costa Rica

21.    <u>Fatima Vinas</u>
       Director of Finance
       Grupo Leon Jimenes
       Dominican Republic

22.    Ambrosio Reyes
       Manager, Human Resources
       Grupo Leon Jimenes
       Dominican Republic

23.    Guillermo Leon
       Vice Presidente
       Grupo Leon Jimenes
       Dominican Republic

24.    Pedro Linares
       Area Representative
       Presidente USA
       Bronx, New York

25.    Cecilo Penn
       Merchandiser, Presidente USA
       20 Post Avenue, Apt. 2A
       New York, New York 10034

26.    Francis Belliard
       Area Representative, Presidente USA
       730 East 232nd Street, Apt. G/H
       Bronx, New York  10466

27.    Janet Cuevas
       Area Representative
       Presidente USA
       41 Chestnut Drive
       Bayshore, New York  11706

28.    Dawin Genao
       Merchandiser
       Presidente USA
       New York, New York

29.    Aikey Berdugo
       Philip Morris International
       Altria Group
       120 Park Avenue
       New York, New York

30.    Alex Heredia
       Area Representative
       Presidente USA
       New York, New York

4

31.    <u>Federick Martinez a/k/a El Pacha</u>
       Clear Channel/Univision
       485 Madison Avenue
       New York, New York 10022

32.    <u>Neroliza Valdera</u>
       146 Attorney Street, Suite 3A
       New York, New York 10002

33.    <u>Rafael LNU</u>
       Kelvin Grocery
       144 Sherman Avenue
       New York, New York 10034

34.    <u>Seyda Periche</u>
       Marketing Representative
       Grupo Leon Jimenes
       Dominican Republic

35.    <u>Christian Fernandez</u>
       Brickley Fernandez
       625 Industrial Way East, Suite 7
       Eatontown, New Jersey 07724

36.    <u>Stella Leon</u>
       Director Human Resources
       Grupo Leon Jimenes
       Dominican Republic

37.    <u>Andres Araujo</u>
       Quality Control Manger
       Cervvas ND
       Dominican Republic

38.    <u>Clemente Nunez</u>
       New York Manager
       Presidente USA

39.    <u>Maytee Tereshko</u>
       Pennsylvania Manager
       Presidente USA
       Pennsylvania

40.  Cecelia Espejo
     IT Manager
     Grupo Leon Jimenes
     Dominican Republic

41.  Alex Pinella
     Manager
     Presidente USA
     Miami, Florida

42.  Helmy Pena

43.  Thomas Blancero
     Director of Sales
     Phoenix Beverages
     37-88 Review Avenue
     Long Island City, New York  11101

44.  Peter Dydensborg
     Director of Chain Accounts
     Phoenix Beverages
     37-88 Review Avenue
     Long Island City, New York  11101

45.  Erick Torres-Rodriguez

46.  Victor Q. Bisono Haza
     Congressman Santo Domingo
     Nacional Congress
     Centro de los Heroes
     Dominican Republic

47.  Ingrid Jimenez
     Associate General Sales Manager
     El Diario la Prensa
     345 Hudson Street 13th Floor
     New York, New York 10014

48.  Jorge Ayala
     General Sales Manager
     El Diario la Prensa
     345 Hudson Street 13th Floor
     New York, New York 10014

6

49.     Josefina Infanet
        Export Customer Service Representative
        Cerveceria Nacional Dominicana
        Dominican Republic

50.     Cecilia Goico
        Administrative Manger Sales & Distribution
        Empresas Leon Jimenes
        Dominican Republic

51.     Juan M. Pumarol
        Marketing Manger
        Cerveceria Nacional Dominicana
        Dominican Republic

52.     Thomas Silverio
        District Manager
        Phoenix Beverages
        37-88 Review Avenue
        Long Island City, New York 11101

53.     Rolando Lantigua
        CEO, ARJA Enterprise
        1 Nagle Avenue
        New York, New York 10040

54.     Frank Guerrero
        Merchandiser
        Presidente USA
        2755 University Avenue
        Bronx, New York 10468

55.     Mario Gallo
        Director of Planning & Administration
        Phoenix Beverages
        Long Island City, New York

56.     Joseph Kahl
        Director of Home Distributors
        Phoenix Beverages
        Long Island City, New York

57.     Dan Walsh
        Vice Presidente
        Phoenix Beverages
        Long Island City, New York

**B.**  **A copy of or description by category and location of all documents, data, compilation and tangible things in the possession, custody or control of the Plaintiff which the Plaintiff may use in support of their defenses.**

<u>See</u> attached documents Bates stamped P1 through P358.  Plaintiff reserves the right to

supplement this Rule 26 Disclosure.

**C.**  **Computation of any category of damages claimed by the Plaintiff.**

      (a)  Front/back pay;

      (b)  Compensatory damages;

      (c)  Unpaid sales commission;

      (d)  gross-up for negative taxation on any judgment

      (e)  Punitive damages;

      (f)  Attorneys' Fees and Costs; and

      (g)  Any other relief as the Court deems just and fit.

**D.**  **Any insurance agreement under which any person may be liable to satisfy all or part of the judgment:**

    Not applicable.

                     **NIEDWESKE BARBER**
                     Attorneys for Plaintiff Jacqueline Hone

                     Kevin E. Barber (KEB 8629)

Dated:  March 7, 2008



**NIEDWESKE BARBER**
98 Washington Street
Morristown, NJ 07960
Tele:   973-401-0064
Fax:    973-401-0061
www.n-blaw.com
Attorneys for Plaintiff Jacqueline Hone

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JACQUELINE HONE,<br><br>            Plaintiff,<br><br>v.<br><br>PRESIDENTE U.S.A., INC., CERVECERIA NACIONAL DOMINICANA, GRUPO LEON JIMENES, LTD., ADMINISTAFF, INC., GEVITY H.R., and PHILLIP MORRIS,<br><br>            Defendants. | Civil Action No. 07-5635 (HAA)<br><br>Civil Action<br><br>**PLAINTIFF'S ANSWERS TO DEFENDANT GEVITY HR, INC.'S FIRST SET OF INTERROGATORIES** |

TO:    Eric A. Savage, Esq.
         Littler Mendelson
         One Newark Center, 8th Floor
         Newark, NJ  07102

SIR:

    **PLEASE TAKE NOTICE** that Plaintiff Jacqueline Hone, pursuant to F.R.Civ.P. 33,

hereby objects and responds to Defendant Gevity HR, Inc.'s First Set of Interrogatories.

**NIEDWESKE BARBER**
Attorney for Plaintiff

By: _Christopher W. Hager_
      Christopher W. Hager

Dated:  June 6, 2008

## DEFINITIONS, OBJECTIONS AND LIMITATIONS

1.    Plaintiff objects to any interrogatory insofar as it attempts to impose obligations beyond those established by the Federal Rules of Civil Procedure (hereinafter the "Rules"). Plaintiff will answer the interrogatories in accordance with those Rules and will not provide answers to the extent that such answers would exceed the requirements of those Rules.

2.    Plaintiff objects to any interrogatory that seeks information or documents that are protected from disclosure by the attorney/client privilege, work product doctrine or any other privilege recognized by statute, common law or the rules of evidence.

3.    Plaintiff objects to any interrogatory that is not relevant to the subject matter of this action or is not reasonably calculated to lead to discovery of admissible evidence.

4.    Plaintiff objects to any interrogatory that is overly broad, unduly burdensome or vague. Plaintiff further objects to any interrogatory that uses an undefined term.

5.    Plaintiff objects to any interrogatory that seeks the production of documents as being improper under the Rules.

6.    Plaintiff's answers are made solely for the purposes of, and in relation to, this action. Each response given is subject to her general objections. All such objections and grounds therefore are reserved and may be interposed at the time of trial. Asserting a specific objection in response to any discovery request does not waive Plaintiff's right to assert any applicable general objection thereto. All answers contained herein are based only upon such information and documents which are presently available to and specifically known to Plaintiff who reserves the right to supplement her responses under the New Jersey Rules of Court.

7.    All General Objections apply to each and every interrogatory answer.

i

## ANSWERS TO INTERROGATORIES

1.  Provide the name, address, telephone number, place of employment and job title of any person who has, claims to possess, or whom you believe may possess knowledge of the allegations in the Complaint and summarize the knowledge that you believe the individual possesses of the allegations in the Complaint.

**ANSWER:**   <u>See</u> General Objections.  Subject to those objections, Plaintiff responds as follows:

1.   **Felix Sencion**
     Brand Manager
     Presidente USA
     Miami, Florida
     - Committed acts of sexual harassment

     - Retaliated against J. Hone for speaking against misconduct, crude and condescending behavior of upper management and subordinates

     - Often asked other employees to join upper management in misconduct and crude condescending behavior saying it was acceptable and part of being manly.

     - Witness to repeated acts sexual harassment by male employees including upper management

     - Witness to misconduct crude and condescending behavior of upper management

     - Ratified and condoned mistreatment/crude and condescending behavior by failing to take any steps to stop or otherwise remediate it.

     - Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

2.   **Franklin Leon**
     Vice Presidente (Export)
     Grupo Leon Jimenes
     Dominican Republic
     - Committed acts sexual harassment

     - Retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

1

- Knowledge of how other members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Often asked other employees to join upper management in misconduct and crude condescending behavior saying it was acceptable and part of being manly.

- Witness to repeated acts sexual harassment by male employees including upper management

- Witness to misconduct crude and condescending behavior of upper management

- Ratified and condoned mistreatment/crude and condescending behavior by failing to take any steps to stop or otherwise remediate it.

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

3.    **Leoni Marti**
      home: 809.227.0428
      l.marti@hotmail.com
      Dominican Republic
      - Committed acts sexual harassment

      - Retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

      - Often asked other employees to join upper management in misconduct and crude behavior saying it was acceptable and part of being manly.

      - Knowledge of how other members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

      - Witness to repeated acts sexual harassment by male employees including upper management

      - Witness to misconduct and crude behavior of upper management

      - Was often asked by upper management to join in on misconduct and crude behavior saying it was acceptable and part of being manly.

2

- Ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

4.    **Ricardo Casanueva**
tel: 305.877.4419
Miami, Florida
- Committed acts sexual harassment

- Retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Often asked other employees to join upper management in misconduct and crude behavior saying it was acceptable and part of being manly.

- Knowledge of how other members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness/victim to repeated acts sexual harassment by male employees including upper management

- Witness to misconduct and crude behavior of upper management

- Was often asked by upper management to join in on misconduct and crude behavior saying it was acceptable and part of being manly.

- Ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

5.    **Elvira Hernandez**
Human Resources Manager
Presidente USA
Miami, FL
- Retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

3

- Knowledge of how other members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness/victim to repeated acts sexual harassment by male employees including upper management

- Witness to misconduct and crude behavior of upper management

- Ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

6.   **Marshall Mears**
     Manager
     Presidente USA
     - Witness/victim to repeated acts sexual harassment by male employees including upper management

     - Witness to misconduct and crude behavior of upper management

     - Was often asked to join in by upper management being told it was part of being manly

     - Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

7.   **Miguel Herrera**
     Regional Manager
     Presidente USA
     Miami, Florida
     - Witness/victim to repeated acts sexual harassment by male employees including upper management

     - Witness to misconduct and crude behavior of upper management

     - Was often asked to join in by upper management being told it was part of being manly.

     - Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

4

8.    **Olety Brador**

Administrative Assistant
Grupo Leon Jimenes
Dominican Republic
- Witness/victim to repeated acts sexual harassment by male
  employees including upper management

- Witness to misconduct and crude behavior of upper management

- Witness that upper management ratified and condoned mistreatment/crude
  behavior by failing to take any steps to stop or otherwise remediate it.

9.    **Candida Hernandez**
Caribbean/Europe Manager
Grupo Leon Jimenes
Dominican Republic
- Witness/victim to repeated acts sexual harassment by male
  employees including upper management

- Witness to misconduct and crude behavior of upper management

- Knowledge of how members of management team retaliated
  against J. Hone for speaking against misconduct and crude
  behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude
  behavior by failing to take any steps to stop or otherwise remediate it.

10.    **Juan Carlos Perez**
Marketing Representative
Presidente USA
Miami, Florida
786-255-4689
- Witness to repeated acts sexual harassment by male employees
  upper management

- Witness to misconduct and crude behavior of upper management

- Was often asked to join in by upper management being told it was
  part of being manly.

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

11.  **Ada Theresa Ramirez**
Marketing Coordinator
Presidente USA
New York, NY
Tel: 646-977-6193

- Witness/victim to repeated acts sexual harassment by male employees including upper management

- Witness to misconduct and crude behavior of upper management

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

12.  **Mabel Rieumont**
Administrative Assistant
Presidente USA
Miami, Florida

- Witness/victim to repeated acts sexual harassment by male employees including upper management

- Witness to misconduct and crude behavior of upper management

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

13.    **Mario Gallo**
Director of Planning & Administration
Phoenix Beverages
Long Island City, New York
- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

14.    **Joesph Kahl**
Director of Home Distributors
Phoenix Beverages
Long Island City, New York
- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

15.    **Judith Tejada**
Purchasing Agent
Grupo Leon Jimenes
Dominican Republic
- Witness/victim to repeated acts sexual harassment by male employees including upper management

- Witness to misconduct and crude behavior of upper management

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

- Ratified and condoned mistreatment/crude behavior by aiding upper management fabricating reports.

16.    **Dan Walsh**
Vice Presidente
Phoenix Beverages
Long Island City, New York
- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

7

17.     **Amy Chamberlain, PHR**
        Human Resource Consultant
        Gevity
        122 E. 42nd Street, Suite 700
        New York, NY 10168
        Tel:212-573-6804
        Cell: 646-373-5652
        Email: amy.chamberlain@gevity.com
        - Knowledge of J. Hone complaints to upper management regarding
          wage/salary inequities based on gender, unethical behavior in the
          workplace, history of a difficult, unsupportive and minimal
          interaction relationship with management, and sexual harassment.

        - Knowledge of how members of management team retaliated
          against J. Hone for speaking against misconduct and crude
          behavior of upper management and subordinates

        - Witness that upper management ratified and condoned mistreatment/crude
          behavior by failing to take any steps to stop or otherwise remediate it.

18.     **Rosa Benzant**
        Human Resources
        Administaff
        1251 Ave of the Americas #2300
        Tel: 212-626-7817
        New York, NY
        - Witness/victim of sexual harassment by male employees including
          upper management

        - Witness to misconduct and crude behavior of male employees including
          upper management Witness that upper management ratified and condoned
          mistreatment/crude behavior by failing to take any steps to stop or
          otherwise remediate it.

19.     **Miroslava Pestana**
        8328 Ainsworth Street
        Charlotte, NC 28216
        home: 704.597.9085
        cell: 704.293.0631
        - Witness/victim to repeated acts sexual harassment by male
          employees including upper management

        - Witness to misconduct and crude behavior of upper management

8

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

20.    **Rafael Menicucci**
Grupo Leon Jimenes
Dominican Republic
- Witness to misconduct and crude behavior of male employees including upper management

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

21.    **Hector Marine**
Phillip Morris International
Sub-contracted to Grupo Leon Jimenes
Dominican Republic
- Witness to misconduct and crude behavior of male employees including upper management

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

22.    **Felix Betancourt Ortiz**
Hay Group
Torre Mercedes, Piso 9, Paseo Colon con Calle 24
Apartado Postal 1560-1000 San Jose
San Jose, Costa Rica, CA
Tel: 506-295-6630
Email: e felix_betancourt@haygroup.com

- Knowledge of J. Hone work environment unethical behavior in the workplace, history of a difficult, unsupportive and minimal interaction relationship with management.

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.


23.    **Fatima Vinas**
Director of Finance
Grupo Leon Jimines
Dominican Republic

- Witness to misconduct and crude behavior of male employees including upper management

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.


24.    **Ambrosio Reyes**
Manager, Human Resources
Grupo Leon Jimenes
Dominican Republic

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

10

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

25. **Guillermo Leon**
Vice Presidente
Grupo Leon Jimenes
Dominican Republic

- Witness to misconduct and crude behavior of male employees including upper management

- Knowledge of J. Hone work environment unethical behavior in the workplace.

- Knowledge that J. Hone and other employees were required to work out of title without compensation for other family owned companies.

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

26. **Pedro Linares**
Area Representative
Presidente USA
Bronx, New York

- Committed acts of sexual harassment

- Witness to repeated acts sexual harassment by male employees upper management

- Witness to misconduct and crude behavior of upper management

- Was often asked to join in by upper management being told it was part of being manly.

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

27.   **Cecilo Penn**
      Merchandiser, Presidente USA
      20 Post Avenue, Apt. 2A
      New York, NY 10034
      - Committed acts of sexual harassment

      - Witness to repeated acts sexual harassment by male employees
        upper management

      - Witness to misconduct and crude behavior of upper management

      - Was often asked to join in by upper management being told it was
        part of being manly.

      - Knowledge of how members of management team retaliated
        against J. Hone for speaking against misconduct and crude
        behavior of upper management and subordinates

      - Witness that upper management ratified and condoned mistreatment/crude
        behavior by failing to take any steps to stop or otherwise remediate it.


28.   **Francis Belliard**
      Area Representative, Presidente USA
      730 East 232nd Street, Apt. G/H
      Bronx, NY 10466
      - Committed acts of sexual harassment

      - Witness to repeated acts sexual harassment by male employees
        upper management

      - Witness to misconduct and crude behavior of upper management

      - Was often asked to join in by upper management being told it was
        part of being manly.

      - Knowledge of how members of management team retaliated
        against J. Hone for speaking against misconduct and crude
        behavior of upper management and subordinates

      - Witness that upper management ratified and condoned mistreatment/crude
        behavior by failing to take any steps to stop or otherwise remediate it.


12

29.     **Janet Cuevas**
        Area Representative
        Presidente USA
        41 Chestnut Drive
        Bayshore, NY  11706
        - Witness/victim to repeated acts sexual harassment by male employees including upper management

        - Witness to misconduct and crude behavior of upper management

        - Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

        - Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

30.     **Dawin Genao**
        Merchandiser
        Presidente USA
        New York, NY
        - Witness to repeated acts sexual harassment by male employees upper management

        - Witness to misconduct and crude behavior of upper management

        - Was often asked to join in by upper management being told it was part of being manly.

        - Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

        - Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

31.     **Aikey Berdugo, Auditor**
        Philip Morris International
        Altria Group
        120 Park Avenue
        New York, NY
        email: alkey.berdugo@altria.com
        - Knowledge of J. Hone complaints to upper management regarding wage/salary inequities based on gender, unethical behavior in the

13

workplace, history of a difficult, unsupportive and minimal
interaction relationship with management, and sexual harassment.

- Knowledge of how members of management team retaliated
  against J. Hone for speaking against misconduct and crude
  behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude
  behavior by failing to take any steps to stop or otherwise remediate it.

32.    **Alex Heredia**
       Area Representative
       Presidente USA
       New York, NY
       917-662-3439
- Committed acts of sexual harassment

- Witness to repeated acts sexual harassment by male employees
  upper management

- Witness to misconduct and crude behavior of upper management

- Was often asked to join in by upper management being told it was
  part of being manly.

- Knowledge of how members of management team retaliated
  against J. Hone for speaking against misconduct and crude
  behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude
  behavior by failing to take any steps to stop or otherwise remediate it.

33.    **Neroliza Valdera**
       146 Attorney Street, Suite 3A
       New York, NY  10002
- Witness/victim to repeated acts sexual harassment by male
  employees including upper management

- Witness to misconduct and crude behavior of upper management

- Knowledge of how members of management team retaliated
  against J. Hone for speaking against misconduct and crude
  behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

34.    **Rafael LNU**
Kelvin Grocery
144 Sherman Avenue
New York, NY 10034
212-942-0710

- Witness to repeated acts sexual harassment by male employees including upper management

- Witness to misconduct and crude behavior of upper management

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

35.    **Sevda Periche**
Marketing Representative
Grupo Leon Jimenes
Dominican Republic

- Witness/victim to repeated acts sexual harassment by male employees including upper management

- Witness to misconduct and crude behavior of upper management

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

36.    **Christian Fernandez**
Brickley Fernandez
625 Industrial Way East, Suite 7
Eatontown, NJ 07724

- Witness to repeated acts sexual harassment by male employees upper management

- Witness to misconduct and crude behavior of upper management

15

- Was often asked to join in by upper management being told it was part of being manly.

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

37.   **Stella Leon**
      Director Human Resources
      Grupo Leon Jimenes
      Dominican Republic
- Witness/victim to repeated acts sexual harassment by male employees including upper management

- Witness to misconduct and crude behavior of male employees including upper management

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

38.   **Andres Araujo**
      Quality Control Manger
      Cerveza Nacional Dominicana
      Dominican Republic
- Witness to repeated acts sexual harassment by male employees upper management

- Witness to misconduct and crude behavior of upper management

- Was often asked to join in by upper management being told it was part of being manly.

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

39.     **Clemente Nunez**
New York Manager
Presidente USA

- Witness to repeated acts sexual harassment by male employees including upper management

- Witness to misconduct and crude behavior of upper management

- Was often asked to join in by upper management being told it was part of being manly.

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

40.     **Maytee Tereshko**
Pennsylvania Manager
Presidente USA
Pennsylvania

- Witness/victim to repeated acts sexual harassment by male employees including upper management

- Witness to misconduct and crude behavior of upper management

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

41.     **Cecilia Espejo**
IT Manager
Grupo Leon Jimenes
Dominican Republic

- Witness/victim to repeated acts sexual harassment by male employees including upper management

- Witness to misconduct and crude behavior of upper management

17

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

42.    **Alex Pinilla**
Manager
Presidente USA
Miami, Florida
- Witness/victim to repeated acts sexual harassment by male employees including upper management

- Witness to misconduct and crude behavior of upper management

- Was often asked to join in by upper management being told it was part of being manly.

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

43.    **Helmy Pena**
Marketing Assistant
Presidente USA
- Witness/victim to repeated acts sexual harassment by male employees including upper management

- Witness to misconduct and crude behavior of upper management

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

44.     **Thomas Blancero**
        Director of Sales
        Phoenix Beverages
        37-88 Review Avenue
        Long Island City, New York 11101
        Tel: 718-609-7745
        - Witness that upper management ratified and condoned mistreatment/crude
          behavior by failing to take any steps to stop or otherwise remediate it.

45.     **Peter Dydensborg**
        Director of Chain Accounts
        Phoenix Beverages
        37-88 Review Avenue
        Long Island City, New York 11101
        Tel: 718-609-7000
        - Witness that upper management ratified and condoned mistreatment/crude
          behavior by failing to take any steps to stop or otherwise remediate it.

46.     **Josefina Infante**

        Export Customer Service Representative
        Cerveceria Nacional Dominicana
        Dominican Republic
        - Witness/victim to repeated acts sexual harassment by male
          employees including upper management

        - Witness to misconduct and crude behavior of upper management

        - Knowledge of how members of management team retaliated
          against J. Hone for speaking against misconduct and crude
          behavior of upper management and subordinates

        - Witness that upper management ratified and condoned
          mistreatment/crude behavior by failing to take any steps to stop or
          otherwise remediate it.

47.     **Cecilia Goico**

        Administrative Manger Sales & Distribution
        Empresas Leon Jimenes
        Dominican Republic
        - Witness/victim to repeated acts sexual harassment by male
          employees including upper management

        - Witness to misconduct and crude behavior of upper management

19

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

48.    **Tomas Silverio**

District Manager
Phoenix Beverages
37-88 Review Avenue
Long Island City, New York 11101
Tel: 718-609-7807/7000
email: tsilverio@forbee.com

- Witness to repeated acts sexual harassment by male employees including upper management

- Witness to misconduct and crude behavior of upper management

- Was often asked to join in by upper management being told it was part of being manly.

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

49.    **Frank Guerrero**

Merchandiser
Presidente USA (no longer employed)
2755 University Avenue
Bronx, NY 10468
tel: 347-633-5430

- Witness to repeated acts sexual harassment by male employees upper management

- Witness to misconduct and crude behavior of upper management

- Was often asked to join in by upper management being told it was part of being manly.

20

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

50.    **Erick Torres-Rodriguez**

Human Resources Consultant
Gevity HR
- Knowledge of J. Hone complaints to upper management regarding wage/salary inequities based on gender, unethical behavior in the workplace, history of a difficult, unsupportive and minimal interaction relationship with management, and sexual harassment.

- Knowledge of how members of management team retaliated against J. Hone for speaking against misconduct and crude behavior of upper management and subordinates

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

51.    **Ludmilla Ruiz (Luly)**

Chain Account Manager
Presidente USA
Miami, Florida
- Witness/victim to repeated acts sexual harassment by male employees including upper management

- Witness to misconduct and crude behavior of upper management

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

52.    **Yolanda Ramirez (Yoli)**

Area Representative
Presidente USA
Miami, Florida
- Witness/victim to repeated acts sexual harassment by male employees including upper management

- Witness to misconduct and crude behavior of upper management

- Witness that upper management ratified and condoned mistreatment/crude behavior by failing to take any steps to stop or otherwise remediate it.

2.  State if you have ever been a party in a lawsuit or other judicial proceedings, other than the present matter, and, if so, identify the lawsuit or proceedings, whether you were plaintiff/claimant or defendant/respondent, the nature of the action, the name of any opposing party or parties, and the date and court in which such suit was filed.

**ANSWER:**    <u>See</u> General Objections.  Subject to those objections, Plaintiff Hone was the plaintiff in a personal injury lawsuit filed in or about 2006 in the Superior Court of New Jersey, Hudson County.  The defendant's name was Zabenko.

3.  If plaintiff intends to call an expert witness(es) at trial, state the expert's name, the subject matter upon which the expert is expected to testify; the substance of the facts and opinions upon which the expert is expected to testify; a summary of the grounds for each opinion that the expert is to give; the name of the case, the court where the case was venued, and the docket number for each case where the expert has given trial testimony for any person other than plaintiff; attach copies of all trial transcripts of the expert's testimonies in other cases; attach a copy of the expert's current <u>Curriculum Vitae;</u> and attach a copy of the expert's report(s) that has been or will be given, along with copies of all documents which the expert considered in giving his or her opinion.

**ANSWER:**    <u>See</u> General Objections.  Subject to those objections, Plaintiff identifies Susan Cohen Esquilin, Ph.D., whose Curriculum Vitae is enclosed herewith.  Plaintiff will serve Dr. Esquilin's expert report when finalized.

4.  If plaintiff has retained an expert witness(es) in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, state the name and address of the expert; the date that the expert was retained; the expert's field of expertise; and whether the expert has given a report(s), and, if so, the date when the report was given, and without disclosing its contents, the subject matter of the report.

**ANSWER:**    <u>See</u> General Objections.  Subject to those objections, not applicable.

22

5. Has any party to this action made any admission relating to any of the allegations in the Complaint? If the response to this interrogatory is affirmative, state the date and place when the admission was made and its exact content; the name(s) of the individual(s) who made the admission and to whom the admission was made and all persons present; where the admission was made; whether the admission was made orally or if the admission was made in written form, attach a true and accurate copy of it.

**ANSWER:**    See General Objections. Subject to those objections, representative, but not exclusive, examples of Defendants' multiple admissions that Plaintiff recalls were made by Leoni Marti, Franklin Leon, Elvira Hernandez, Felix Sencion, and Ricky Casanueva. Mr. Marti, a member of Defendants' upper management, told Plaintiff Hone that he was "wrong" for having the feelings he had for her, that no man could be blamed for being sexually attracted to her, and would openly discuss with third parties in the Plaintiff's presence how attractive she was. On once occasion, Mr. Leon, another member of Defendants' upper management, asked Plaintiff Hone to put her palms down on his palms so he "could read her energy". Leon stood with his eyes closed, then firmly gripped her hands and asked how she felt now that their relationship had gone in a different direction. When Plaintiff attempted to deal with this startling and offensive conduct by talking about Defendants' business, Leon inappropriately called her a "prude". Elvira Hernandez, a Human Resources upper manager for Defendants, stated to Plaintiff Hone that she knew the way Ms. Hone was treated at work was wrong, but that Plaintiff Hone "asked for it" because she was naturally sexy. Ricky Casanueva received multiple complaints directly from Plaintiff Hone that she was being sexually harassed and retaliated against for her complaints and/or objections to being mistreated in this manner. Casanueva did nothing to respond to Plaintiff Hone's complaints. In fact, Casanueva stated to Plaintiff Hone on separate and multiple occasions that he had thoughts about her that he would not say because they would be sexual harassment. Felix Sencion, another member of Defendants' upper management, witnessed Plaintiff Hone being subjected to sexually inappropriate conduct. Sencion ratified and condoned this mistreatment by failing to take any steps to stop or otherwise remediate it.

6. State whether you or any attorney or representative on your behalf has obtained any oral or written statements, reports, memoranda or records from any person which in any way concern the facts of this case or the matters alleged in your pleadings. If so, state the name, address, and telephone number of the author of each such statement, report, memorandum or recording; state the name, address, and telephone number of each person or persons to whom the statement, report, memorandum or recording was issued, distributed, or otherwise provided; identify the present location and custodian of each such statement, report, memorandum or recording; state the date each such statement, report, memorandum or recording was prepared; and whether it was made orally, or, if written.

**ANSWER:**    <u>See</u> General Objections. Subject to those objections, Plaintiff obtained verbal statements from Frank Guerrero, Cecilio Penn, and Dawin Genao-Nunez. The substance of their statements is enclosed herewith in affidavits, with only Mr. Genao-Nunez's being executed. In addition, Francis Belliard, an area representative for Defendants, Ada Teresa Ramirez, an assistant employed by Defendants, and Janet Cuevas, also employed by Defendants, stated to Plaintiff Hone on separate occasions that they knew Franklin Leon and Leoni Marti were known sexual harassers.

7. Has any declaration against interest been made by any person not a party to this action relating to any of the allegations in the Complaint? If the response to this interrogatory is affirmative, state the date when the statement was made and its exact content; the name(s) of the individual(s) who made the statement and all persons present and to whom it was made; where the statement was made; whether the statement was made orally, or, if written.

**ANSWER:**    <u>See</u> General Objections. Subject to those objections, Plaintiff Hone refers to her answer to interrogatory #5 herein.

8. Provide the name, address, telephone number, place of employment and job title of each third person who has contacted you, or any attorney or representative of yours, concerning this action or its subject matter, or who has been contacted by you, or any attorney or representative of yours, concerning this action or its subject matter.

**ANSWER:**    <u>See</u> General Objections. Subject to those objections, Plaintiff Hone identifies Frank Guerrero, Cecilio Penn, and Dawin Genao-Nunez.

9. Provide the name, address, and telephone number of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, recording or photograph pertaining to any fact or issue involved in this controversy; and describe as to each the item that such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER:**    <u>See</u> General Objections. Subject to those objections, Plaintiff Hone is currently unaware of information responsive to this interrogatory.

10. Separately identify each and every disease, illness, injury, disability, defect, medical symptom or other physical or mental condition which you claim was caused or aggravated by Defendant as a result of Defendant's alleged improper conduct set forth in the Complaint.

24

**ANSWER:**    See General Objections.  Subject to those objections, Plaintiff Hone will serve on Defendants an expert report by Dr. Susan Cohen Esquilin that responds to these issues insofar as applicable.

11. Provide the name, address, telephone number of any and all physician and/or healthcare provider who treated and/or diagnosed plaintiff between August 1, 2001 and the present, and for each such health care provider, describe the nature of the care or treatment, state the date of each treatment or examination, and describe the diagnosis/prognosis.

**ANSWER:**    See General Objections.  Subject to those objections, Plaintiff identifies the following:

Dr. John Marcus
89 North Maple Ave.
Ridgewood, NJ 07450

Dr. Sebrow
23-00 Route 208 South
Fairlawn, NJ 07410

Dr. David Sutter
6 Prospect St # 2
Midland Park, NJ 07432

Dr. Licata
245 Main Street Suite 4
Ramsey, NJ 07446

Dr. Moore
171 Franklin Turnpike
Waldwick, NJ 07463

Susan Donnelly, LCSW
Ridgewood Psychotherapy Associates
AR Rehabilitation & Physical Therapy
153 Prospect St
Ridgewood, NJ 07450

Dr. Jaffee
401 S. Van Brunt Street
Suite 405
Englewood, NJ 07631

Dr. Loeb
994 Fifth Avenue

25

New York, NY 10028

Dr. John Beronio
171 Franklin Turnpike
Waldwick, NJ 07463

Dermatology Group
140 Route 17N Suite 200
Paramus, NJ 07625

12. State each element of damage that plaintiff is claiming in this case, including (1)
dollar amount of damages sought; (2) the nature of each item of damage; (3) the date, time, and
place of such damage; (4) the category into which each item of damages falls (i.e., actual
damages, compensatory damages, punitive damages) and any other relevant categories; (5) the
factual basis for each item of damages; (6) an explanation of how you computed each item of
damages, including any mathematical formula used; and (7) identify any documents in support of
your damages claims.

**ANSWER:**    See General Objections. Subject to those objections, Plaintiff has suffered
compensatory damages in lost pay of approximately $150,000 from the date of
her constructive discharge, which increases each day. Plaintiff's damages include
loss of benefits (gasoline allowance, cell phone allowance, roadway tolls
allowance), together with Defendants' provision of full health coverage to her.
She references documents P 00495 – 00517 in further response to this
interrogatory answer. Plaintiff is also unable to calculate her emotional distress,
and pain and suffering damages, which is for the jury to decide, as is the
determination of punitive damages.

13. If plaintiff is employed currently, state the name and address of her employer; the
date her employment commenced; the position for which she was hired and is performing
currently; and her salary, including all benefits, and any changes thereto.

**ANSWER:**    See General Objections. Subject to those objections, Plaintiff is currently
attempting to start her own business as a marketing company for the import and
export of consumer products. The name of the entity is Ubiquity, LLC, with a
business address of 18 East Prospect Street, Waldwick, NJ, 07463.

14. From the date following plaintiffs separation from employment with Presidente
identify all individuals or entities to whom plaintiff applied for employment, as well as the
sources plaintiff used to obtain the names of such individuals or entities and produce all

documents in any way referring or relating to applications for employment, including any offers of employment that plaintiff received.

**ANSWER:**    <u>See</u> General Objections.  Subject to those objections, <u>see</u> Plaintiff Hone's response to interrogatory #13, which is a means of securing further employment. In addition, Plaintiff Hone refers Defendant to her documents bates numbered P 00518 - 00546 in further response to this interrogatory.

15. Has plaintiff ever been suspended, terminated or requested to resign from any position she held? If so, concerning each such suspension, termination or requested resignation, state the employer affecting the suspension, termination or resignation and the reason therefore and the date of each suspension, termination or resignation.

**ANSWER:**    <u>See</u> General Objections.  Subject to those objections, no.

16. State whether plaintiff has ever filed a complaint of employment discrimination, workers compensation retaliation, and/or harassment with a court or a federal or state agency. If so, with respect to each such complaint state the name, address, telephone number of the employer alleged to have discriminated or retaliated against plaintiff; the date that the discrimination is alleged to have occurred; the acts alleged to constitute discrimination or retaliation; the name and title of the person with whom any complaint(s) was lodged; the determination as to any complaint(s); the date the complaint(s) was filed with the court or agency; state the name of the court or agency; state the name and title of each agency representative responsible for investigating the complaint; any action (official or otherwise) taken pursuant to the complaint; the determination as to any complaint; and attach copies of any complaints.

**ANSWER:**    <u>See</u> General Objections.  Subject to those objections, this case is the first time in Plaintiff's life that she has made allegations of this nature.

17. State whether plaintiff has applied for unemployment or disability with any state agency at any time within the past three years, and if so state the identity of each agency; the date of the application; the determination made by each agency as to your application; and the name of the employer(s) named on each application.

**ANSWER:**    <u>See</u> General Objections.  Subject to those objections, Plaintiff Hone applied for, and received, unemployment benefits from the State of New Jersey for the period of on or about July 22, 2007, through in or about February, 2008.

18. Other than Presidente, identify each individual for whom or entity for which plaintiff has worked since August 1, 2001 to the present, including both full-time and part-time, and whether for a company or for her own account regardless of the nature of the duties she performed and whether she was compensated, for performing such duties. For each such employer, state the name and address of the employer; the dates of employment; the employer's business; plaintiff's initial salary or rate of compensation and all changes therein; the name and address of each person who supervised plaintiff in each such positions; any evaluations that plaintiff received; and the reason for leaving each position.

**ANSWER:**    See General Objections.  Subject to those objections and her foregoing interrogatory answers about starting a marketing business, Plaintiff Hone was only employed by Defendants during this time period.


19. State whether plaintiff received unemployment and disability benefits as a result of the above applications and please state the total amount received from each application and the period over which such benefits were paid.

**ANSWER:**    See General Objections.  Subject to those objections, see Plaintiff Hone's response to interrogatory #17, adding that she received $13,986 in total benefits.


20. State whether plaintiff has ever filed a workers compensation claim, and if so, for each claim, state the date of the claim; the date of the incident that resulted in the filing of the claim; a description of the incident; the determination of the claim; and attach copies of any paperwork.

**ANSWER:**    See General Objections.  Subject to those objections, no.


21. Attach copies of all documents that plaintiff has referred to or relied upon in answering the Defendant's First Set of Interrogatories to Plaintiff

**ANSWER:**    See General Objections.  Subject to those objections, Plaintiff Jacqueline Hone refers to the documents she has produced in this case (currently numbered P 001 – 432), as well as the further documents enclosed herewith and numbered P 00433 – 00546.


22. Identify each individual who was consulted or who assisted in answering the Defendant's First Set of Interrogatories to Plaintiff.

**ANSWER:**    See General Objections.  Subject to those objections, not applicable.

28

## CERTIFICATION

I hereby certify that the foregoing interrogatory answers are true. I further certify that if any of the foregoing answers are willfully false, I am subject to punishment.

I also acknowledge the continuing obligation to provide the information and documentation requested by these Interrogatories, and to provide same even after the original of these Interrogatories has been submitted.

By:_____
Ms. Jacqueline Hone

DATED:

30