

jose says:
24.- Plaintiff Hone rejected his advances and, immediately thereafter, was told that she would not be moving to Miami.

jose says:
56.- Plaintiff Hone was subjected to quid pro quo sexual harassment as a result of Leoni Marti's conditioning her advancement with the Company on her acquiescing to his sexual demands.

jose says:
57.- This quid pro quo sexual harassment was in violation of the NJLAD.

jose says:
58.- As a direct and proximate of Defendants' actions, Plaintiff Hone has and continues to suffer loss of income, loss of benefits, and other financial losses.

jose says:
59.- As a direct and proximate result of Defendants' actions, Plaintiff Hone has experienced and continues to experience pain, suffering, and emotional distress.

jose says:
all this is true????????????????????

jhone201@yahoo.com says:
I will admit to anyone who asks...you and I have never had an intimate relationship because it is the truth 100%. Never did I receive favors or special treatment at work because of your feelings towards me.

jhone201@yahoo.com says:
Also, you explained if it was up to you I would have been the first to move to Miami, but it was the others (Franklin Ricky and Felix) that would never allow my transfer because I was on to the corruption and would always speak up.

jhone201@yahoo.com says:
I will also admit to anyone that I never saw, heard, or knew of your involvement in any corruption or misuse of company funds. On the contrary you initiated a company audit to look further into my allegations.

DP01006

# REDACTED

Sent:
**To:**
**Cc:**
**Subject:**

# REDACTED

-----Original Message-----
From: jose marty [mailto:l.marti@hotmail.com]
Sent: Friday, November 16, 2007 10:32 AM
To: Franco, Ramon
Subject: FW: Re:

FYI


>From: Jacqueline Hone <jhone201@yahoo.com>
>To: jose marty <l.marti@hotmail.com>
>Subject: Re:
>Date: Wed, 31 Oct 2007 19:57:07 -0700 (PDT)
>
>Leoni,
>
>I understand this is difficult for everyone involved. The complaint has
>not been served upon anyone involved. It is obvious the copy you
>received was a courtesy copy given to the attorney representing
Presidente USA in Miami.
>It saddens me to see employees of Presidente USA continue to behave
>unethically by disclosing sensitive, confidential company information
>especially to people outside the company.
>
>I was able to speak with my attorney. At this point it is not in my
>best intrest to discuss matters pertaining to the case.
>
>Sincerely,
>Jacqueline
>
>
>----- Original Message ----
>From: jose marty <l.marti@hotmail.com>
>To: jhone201@yahoo.com
>Sent: Wednesday, October 31, 2007 9:45:24 PM
>Subject: Re:
>
>I'am waiting for your explanation. It is a nightmare for me, I just can
>not believe what is happen to me, I can't understand why you implicated
>my name in something so dirty, why, why, at least give a answer...
>
>
> >From: Jacqueline Hone <jhone201@yahoo.com>
1

```
> >To: jose marty <l.marti@hotmail.com>
> >Subject: Re:
> >Date: Mon, 29 Oct 2007 12:11:53 -0700 (PDT)
> >
  >Got it. I will read it and ask my attorney.
> >
> >
> >----- Original Message ----
> >From: jose marty <l.marti@hotmail.com>
> >To: jhone201@yahoo.com
> >Sent: Monday, October 29, 2007 2:58:25 PM
> >Subject: FW:
> >
> >Favor de confirmarme si esto lo mandaron ustedes o quien fue.
> >
> >
> >Express yourself instantly with MSN Messenger! Download today it's
FREE!
> >http://messenger.msn.click-url.com/go/onm00200471ave/direct/01/
> >
> >
> >Do You Yahoo!?
> >Tired of spam?  Yahoo! Mail has the best spam protection around
> >http://mail.yahoo.com
>
>
>Don't just search. Find. Check out the new MSN Search!
>http://search.msn.com/
>
>
>Do You Yahoo!?
>Tired of spam?  Yahoo! Mail has the best spam protection around
>http://mail.yahoo.com

Express yourself instantly with MSN Messenger! Download today it's FREE!

http://messenger.msn.click-url.com/go/onm00200471ave/direct/01/
```

DP01008

From:
Sent:
To:
Cc:
Subject:

REDACTED

-----Original Message-----
From: jose marty [mailto:l.marti@hotmail.com]
Sent: Friday, November 16, 2007 10:35 AM
To: Franco, Ramon
Subject: FW: email

FYI


>From: Jacqueline Hone <jhone201@yahoo.com>
>To: l.marti@hotmail.com
>Subject: email
·Date: Mon, 7 May 2007 20:07:46 -0700 (PDT)
>
>Leoni,
>
>The computer server for my email address jhone@jhone.net is not working
>propoerly. Therfore, I was unable to read the email sent by Mr. Cruz.
>Please have Mr. Cruz resend his email to jhone201@yahoo.com or he can
>call my cell phone direct 201-852-2026. I will be in a meeting until
>noon tomorrow. Mr. Cruz can call me anytime after 12pm including
evenings.
>Please, extend my apology for any inconvenience this may have caused.
>
>I look forward to meeting with him on May 22nd and welcome his arrival.
>
>Regards,
>Jacqueline
>
>
>-----------------------------------
>Ahhh...imagining that irresistible "new car" smell?
>  Check outnew cars at Yahoo! Autos.

FREE pop-up blocking with the new MSN Toolbar - get it now!
http://toolbar.msn.click-url.com/go/onm00200415ave/direct/01/

DP01009

From:
Sent:
To:
Subject:

Attachments:

2rf volumen - MD3    2rfvolumen-MD320    2rfvolumen-MD320
  2003 (FINAL)...    03(FINAL)fEB32...    03(FINAL)fEB32...

REDACTED

-----Original Message-----
From: jose marty [mailto:1.marti@hotmail.com]
Sent: Friday, November 16, 2007 10:36 AM
To: Franco, Ramon
Subject: Fw: 2rf volumen - MD3 2003 (FINAL) fEB 3 2003.xls

FYI


>From: jhone@jhone.net
>Reply-To: "Jacqeline Hone" <jhone@jhone.net>
>To: "Leoni Marti" <1.marti@hotmail.com>
>Subject: Fw: 2rf volumen - MD3 2003 (FINAL) fEB 3 2003.xls
>Date: Mon, 09 Apr 2007 16:11:36 -0400
>
>
>-----Original message-----
>From: "Hone, Jacqueline" Jacqueline.Hone@ELJ.COM.do
>Date: Mon, 09 Apr 2007 15:50:45 -0400
>To: jhone@jhone.net
>Subject: 2rf volumen - MD3 2003 (FINAL) fEB 3 2003.xls
>

FREE pop-up blocking with the new MSN Toolbar - get it now!
http://toolbar.msn.click-url.com/go/onm00200415ave/direct/01/

1

DP01010





**Administaff** ◯

**EMPLOYEE TERMINATION REPORT**

### EMPLOYEE TERMINATION REPORT
### ORIGINAL/REVISED
### (Circle Appropriate One)

**INSTRUCTIONS FOR COMPLETING THE REPORT:** This report is to be completed at the time of termination of an employee. Complete all portions of top section. Have the terminated employee read and sign bottom section. **FAX THIS REPORT TO YOUR PAYROLL SPECIALIST ON THE DATE OF TERMINATION. MAIL THE ORIGINAL REPORT TO YOUR PAYROLL SPECIALIST WITHIN THREE DAYS.** Call your Payroll Specialist if you have any questions.

**TO BE COMPLETED BY ADMINISTAFF ON-SITE SUPERVISOR OR DESIGNEE**

Employee Name **JOSE MANTY**                    Social Security Number _____

Job Title **Export Director**                    Client Company **Presideok USA.**

Date of Termination **JUN 17, 2005**             Last Actual Day Worked **JUN 30, 2005**

Employee Paid Regular Wages Through (date) **JUN 30, 2005**

**Additional Pay Given at Termination** (see back for definitions)

PTO/Vacation Pay        $ _____        No. of Days Covered _____

Wages in Lieu of Notice $ _____        No. of Days Covered _____

~~Bonus &~~
Severance Pay **REDACTED**                      No. of Days Covered _____
~~own payments~~

**Check Reason For Termination** (see back for definitions) (Check only one)

✓ 1. Layoff                         _____ 5. Resignation Without Notice     _____ 9. Invalid SSN
_____ 2. Misconduct                 _____ 6. Retirement                     _____ 10. Invalid I-9
_____ 3. Unsatisfactory Job Performance   _____ 7. Death
_____ 4. Resignation With Notice    _____ 8. Job Abandonment

**Check or circle the appropriate response**
Verbal or written counseling or warnings were/were not given to employee prior to termination.  **N/A**
Recommend for Rehire?   **(Yes)**/No
**(I have)**/have not discussed this termination report with the employee.
**(I have)**/have not notified the employee also is being terminated by Administaff and that coverage under the Administaff Health Benefit Plan terminates at midnight on the date of termination.
I have/have not notified the employee that the last paycheck for direct deposit employees will not be direct deposited into the employee's bank account. **should be paid thru direct deposit. —**
I have collected the following items from the employee:

✓ Company Credit Cards              _____ Insurance I.D. Card
_____ Company I.D. Card              ✓ Company Property (tools, uniforms, keys, notebook PC, etc.)

On-Site Supervisor's or Designee's Signature: **Brina Hernandez**     Today's date: **JUN 17, 2005**

**TO BE COMPLETED BY ADMINISTAFF PAYROLL SERVICES**

Entered by _____        Cobra sent by: _____

### TO BE COMPLETED BY TERMINATED EMPLOYEE

The above information regarding the termination of my employment has been discussed with me. I also understand that my final check may not be by direct deposit. I have been advised that my coverage under the Administaff Health Benefit Plan, if any, terminates at midnight on the date when my employment terminates. I understand that if I am covered by the Administaff Group Health Plan, and if I want to continue my coverage, I must complete the Group Health Benefits Right of Continuation Notice (COBRA Notice) which will be sent to me by Administaff, and send it within 60 days from the date of the qualifying event or notification to the insurance carrier. I have no property belonging to Administaff or to the client company.

Employee Signature _____        Date _____

Forwarding Address _____





ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

March 26, 2008                                                    Eric A. Savage      COLORADO
                                                             Direct: 973.848.4706
                                                          Direct Fax: 973.643.5626
                                                            esavage@littler.com     CONNECTICUT

                                                                                    DISTRICT OF
                                                                                    COLUMBIA
**VIA FEDERAL EXPRESS**
                                                                                    FLORIDA
Kevin E. Barber, Esq.
Niedweske Barber
98 Washington Street                                                                GEORGIA
Morristown, New Jersey  07960

Re:    **Jacqueline Hone v. Presidente U.S.A., Inc.** *et al.*                      ILLINOIS
       **Civil Action No. 07-5635 (HAA) (ES)**
                                                                                    INDIANA
Dear Mr. Barber:
                                                                                    MASSACHUSETTS
On behalf of defendants Gevity HR, Inc. and Presidente U.S.A., Inc., please take notice that
a subpoena will be served on Yahoo! relative to this matter, a copy of which is enclosed as    MINNESOTA
Exhibit A.  This notice is provided to Plaintiff pursuant to F.R.C.P. 45(b)(1).

                                                                                    MISSOURI
We have been advised that Yahoo! will provide a consent form upon the service of the
subpoena, which consent form will need to be executed by Plaintiff in order for Yahoo! to     NEVADA
comply with the subpoena.  We will forward the consent form to your office as soon as it
arrives.  Please promptly have Plaintiff execute the consent form and return to us at that time.  NEW JERSEY

Moreover, please be advised of Plaintiff's affirmative obligation to preserve all potentially   NEW YORK
relevant electronic data pursuant to L.Civ.R. 26.1.  *See MOSAID Tech. Inc. v. Samsung Elec.*
*Co.*, 348 F. Supp. 2d 332, 339 (D.N.J. 2004) (holding that "spoliation inference" may apply   NORTH CAROLINA
to litigant who, in advance of litigation, failed to preserve relevant electronic data).

Thank you for your attention to this matter.                                        OHIO

Very truly yours,                                                                   OREGON

                                                                                    PENNSYLVANIA
*[signature]*
                                                                                    RHODE ISLAND
Eric A. Savage

Enclosure                                                                           SOUTH CAROLINA

cc:    Susan R. Engle, Esq.                                                         TEXAS

Firmwide:84687126.2 046687.1081                                                     VIRGINIA

                                                                                    WASHINGTON

EXHIBIT A

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

Northern DISTRICT OF California

| JACQUELINE HONE | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| PRESIDENTE U.S.A., INC., et al. | Case Number:[1] N.J. 07-5635 (HAA) (ES) |

TO:
Custodian of Records for Yahoo!
701 First Avenue
Sunnyvale, California 94089

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | . |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

The content of any and all electronic files, e-mail messages (with attachments), Instant Message communications and/or any other communication created any time between August 20, 2001 to July 20, 2007 and maintained by Yahoo! related to account holder Jacqueline Hone's subscription with Yahoo!, Yahoo Mail and/or Yahoo Messenger.

| PLACE | DATE AND TIME |
|---|---|
| Littler Mendelson, P.C. - One Newark Center, 8th Floor, Newark, New Jersey 07102 | April 18, 2008 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *E A Savage* | March 28, 2008 |
| Attorney for Defendants Presidente U.S.A., Inc. and Gevity HR, Inc. | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric A. Savage, Esq.
Littler Mendelson, P.C.
One Newark Center, 8th Floor
Newark, New Jersey 07102 - (973) 848.4700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |
| SERVED: | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com





## LITTLER MENDELSON®
### A PROFESSIONAL CORPORATION

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

March 31, 2008                                   Eric A. Savage       COLORADO
                                               Direct: 973.848.4706
                                            Direct Fax: 973.643.5626   CONNECTICUT
                                             esavage@littler.com
                                                                      DISTRICT OF
**VIA PERSONAL SERVICE**                                              COLUMBIA

                                                                      FLORIDA
Custodian of Records for Yahoo!
701 First Avenue                                                      GEORGIA
Sunnyvale, California  94089

**Re:   Jacqueline Hone v. Presidente U.S.A., Inc., *et al.***        ILLINOIS

Dear Sir or Madam:                                                    INDIANA

On behalf of defendants Gevity HR, Inc. and Presidente U.S.A., Inc., whom we represent in   MASSACHUSETTS
the above-captioned matter, we personally serve upon you the enclosed Subpoena issued by
the California Northern District Court.  Please promptly send us the Consent Form to be    MINNESOTA
executed by Yahoo! subscriber Jacqueline Hone.
                                                                      MISSOURI
Thank you for your courtesy and cooperation.
                                                                      NEVADA
Very truly yours,
                                                                      NEW JERSEY

                                                                      NEW YORK

Eric A. Savage                                                        NORTH CAROLINA

Enclosure                                                             OHIO

cc:   Kevin E. Barber, Esq., Attorney for Plaintiff (via FedEx)       OREGON
      Susan R. Engle, Esq. Attorney for Administaff (via FedEx)
                                                                      PENNSYLVANIA
Firmwide:84674845.1 046687.1081
                                                                      RHODE ISLAND

                                                                      SOUTH CAROLINA

                                                                      TEXAS

                                                                      VIRGINIA

                                                                      WASHINGTON

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

**ORIGINAL**
FILED

**Issued by the**

# UNITED STATES DISTRICT COURT

Northern DISTRICT OF California

JACQUELINE HONE

V.

PRESIDENTE U.S.A., INC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:¹ N.J. 07-5635 (HAA) (ES) **JF**

TO:
Custodian of Records for Yahoo!
701 First Avenue
Sunnyvale, California 94089

**CV 08 - 80071 MISC HR**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

The content of any and all electronic files; e-mail messages (with attachments), Instant Message communications and/or any other communication created any time between August 20, 2001 to July 20, 2007 and maintained by Yahoo! related to account holder Jacqueline Hone's subscription with Yahoo!, Yahoo Mail and/or Yahoo Messenger.

| PLACE | DATE AND TIME |
|---|---|
| Littler Mendelson, P.C. - One Newark Center, 8th Floor, Newark, New Jersey 07102 | April 18, 2008 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *E A Savage* | March 28, 2008 |
| Attorney for Defendants Presidente U.S.A., Inc. and Gevity HR, Inc. |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric A. Savage, Esq.
Littler Mendelson, P.C.
One Newark Center, 8th Floor
Newark, New Jersey 07102 - (973) 848.4700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (11/91) Subpoena in a Civil Case        **PROOF OF SERVICE**

| · SERVED | DATE: April 3, 08 | PLACE: 701 First Avenue Sunnyvale, CA 94089 |
|---|---|---|

| SERVED ON: YAHOO! ATTN: CUSTODIAN OF RECORDS | MANNER OF SERVICE: RULE 45, FEDERAL CIVIL RULE |
| ACCEPTED BY: Stephen Murphy | SERVING: SUBPOENA IN A CIVIL CASE |
| RELATIONSHIP/TITLE: Security Supervisor | Personal |

| SERVED BY Len Warren OUT OF STATE | TITLE | PROCESS SERVER |

**DECLARATION OF SERVER**

Description of Person Receiving Document(s):

SEX: M   AGE: 40   HEIGHT: 6'   WEIGHT: 200   SKIN: Black   HAIR: Black   OTHER:

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Certification of Service is true and correct.

*Len T Warren*   L.S.

SIGNATURE OF OUT OF STATE
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

EXECUTED ON:

ATTORNEY:   ERIK A SAVAGE, ESQ
PLAINTIFF:   JACQUELINE HONE
DEFENDANT:   PRESIDENTE USA , INC., ET AL
VENUE:   NORTHERN DISTRICT OF CALIFORNIA
DOCKET:   N/A
FEE:   $0.00

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)   If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.





98 Washington Street
Morristown | New Jersey | 07960
973.401.0064
973.401.0081 fax

www.n-blaw.com

140 Broadway, 46th Floor
New York | New York | 10005
212.208.1498
212.858.7750 fax

March 28, 2008

**VIA FACSIMILE – (408) 349-7941**
**& REGULAR MAIL**

Custodian of Records for Yahoo!
701 First Avenue
Sunnyvale, California  94089

    Re:  <u>Hone v. Presidente U.S.A., Inc., et al.</u>
          Civil Action No. 07-5635 (HAA)(ES)

Dear Madame or Sir:

      Please be advised that this law firm represents the Plaintiff in this sexual harassment, hostile work environment lawsuit.  This letter is sent to Yahoo! to give notice that Plaintiff intends to move the Court to quash the subpoena to be served on Yahoo! by Defendants Presidente U.S.A., Inc., and Gevity HR, Inc.  As a result, *no documents or information are to be produced under the subpoena*, unless otherwise directed by the Court.

      If you have any questions regarding the foregoing, please do not hesitate to contact me.

                Very truly yours,
                NIEDWESKE BARBER

                Christopher W. Hager

Cc:   Eric A. Savage, Esq. (via fax only)
       Susan R. Engle, Esq. (via fax only)



98 Washington Street
Morristown | New Jersey | 07960
973.401.0064
973.401.0061 fax

www.n-blaw.com

140 Broadway, 46th Floor
New York | New York | 10005
212.208.1498
212.858.7750 fax

April 15, 2008

**VIA FACSIMILE – (408) 349-7941**
**& REGULAR MAIL**

Custodian of Records for Yahoo!
701 First Avenue
Sunnyvale, California 94089

     Re:   Hone v. Presidente U.S.A., Inc., et al.
             Civil Action No. 07-5635 (HAA)(ES)

Dear Madame or Sir:

     Consistent with my prior communications with your office, both in writing and telephonically, this advises that we oppose the subpoena served on Yahoo! on April 3, 2008 relative to the foregoing federal civil action. I have left numerous voice messages with your office inquiring if the subpoena had been served. I first learned, today, that the subpoena was served on April 3rd, and note that the subpoena's allegedly returnable on April 18, 2008. Now that we know it has been served, we will move the Court to quash the subpoena to prevent any documents from being produced.

     As a result, *no documents or information are to be produced under the subpoena*, unless otherwise directed by the Court.

     If you have any questions regarding the foregoing, please do not hesitate to contact me.

                      Very truly yours,
                      NIEDWESKE BARBER

                      Christopher W. Hager

Cc:   Eric A. Savage, Esq. (via fax only)
       Susan R. Engle, Esq. (via fax only)





**NB NIEDWESKE BARBER**
ATTORNEYS AT LAW

www.n-blaw.com

98 Washington Street
Morristown | New Jersey | 07960
973.401.0064
973.401.0061 fax

140 Broadway, 46th Floor
New York | New York | 10005
212.208.1496
212.858.7750 fax

April 16, 2008

**VIA FACSIMILE ONLY – (973) 645-2469**

Honorable Esther Salas, U.S.M.J.
United States District Court
Martin Luther King Jr., Fed. Bldg. & Cthse.
50 Walnut Street
Newark, New Jersey 07102

   Re: <u>Hone v. Presidente USA, Inc., et al.</u>
      Civil Action No. 07-5635 (HAA)(ES)

Dear Magistrate Judge Salas:

   We represent the Plaintiff in this New Jersey Law Against Discrimination case, Ms. Jacqueline Hone. I am respectfully submitting this letter to Your Honor regarding two (2) discovery issues that have arisen, and to which we object:

    1. Defendants' Presidente USA, Inc., and Gevity HR, Inc., service of a subpoena duces tecum on Yahoo! seeking the production of documents from Plaintiff's personal and totally irrelevant e-mails, instant message, and related accounts, if any; and

    2. Defense counsel's refusal to produce documents evidencing proof of service of Plaintiff's Complaint on the two (2) Dominican Republic entities that employed her.

   Plaintiff respectfully requests that the foregoing subpoena be quashed, pursuant to Federal Rule of Civil Procedure 45, and that Defendants be ordered to produce the non-privileged documents evidencing service of process on the Dominican Republic entities in order for this case to move forward. I will respectfully, and briefly, address each issue separately.

    1. <u>**Defendants' Unreasonable Subpoena to Yahoo! Should Be Quashed**</u>

   Federal Rule of Civil Procedure 45(c)(3)(A) requires a court to quash or modify a subpoena if the subpoena requires disclosure of privileged or other protected information, and no waiver or exception applies, or if the subpoena subjects a person to an undue burden. Here, Defendants Presidente USA, Inc., and Gevity HR, Inc., issued a subpoena

1

to Yahoo! on March 28, 2008 for production of the following burdensome, personal and confidential material having no relevance to this civil action:

> The content of any and all electronic files, e-mail messages (with attachments), Instant Message communications and/or any other communication created any time between August 20, 2001 to July 20, 2007 and maintained by Yahoo! related to account holder Jacqueline Hone's subscription with Yahoo!, Yahoo Mail and/or Yahoo Messenger.

Exhibit A.

After receiving the foregoing subpoena from defense counsel, I immediately objected to same in a writing to the Custodian of Records for Yahoo! dated March 28, 2008. Exhibit B. By letter dated April 15, 2008, defense counsel advised that the subpoena was served on Yahoo! on April 3, 2008, and is returnable on its face on April 18, 2008. Exhibit C.

Plaintiff's civil action alleges that she was damaged by hostile work environment sexual harassment infecting Defendants' workplace, including quid pro quo harassment, which went unaddressed and/or remediated despite her multiple written and verbal requests. Plaintiff Hone also suffered retaliation when she complained and/or objected to Defendants' discriminatory and harassing misconduct.

The Yahoo! subpoena duces tecum served by Defendants Presidente USA, Inc., and Gevity HR, Inc., should be quashed pursuant to Federal Rule of Civil Procedure 45(c)(3)(A) as it requires the disclosure of Plaintiff Hone's personal and confidential communications, and other protected matter, for which no exception or waiver applies. The material sought in the subpoena also subjects Plaintiff Hone to undue burden due to its irrelevance to this case and intrusion into her personal affairs.

## 2. Defendants Should be Ordered to Produce Non-privileged Service Documents

As Your Honor may recall from the March 18, 2008 scheduling conference, Plaintiff's counsel raised the issue of serving the Complaint on two (2) entities in the Dominican Republic that employed Plaintiff Jacqueline Hone. They are Grupo Leon Jimemes, Ltd., and Cerveceria Nacional Dominicana, and, as represented, we had hired a process server as of March 18th to serve them with the Complaint. Counsel for Defendants Presidente USA, Inc., and Gevity HR, Inc., represented during the conference that any attempt to join these entities to this case would result in a motion to dismiss for lack of jurisdiction.

Subsequent to the March 18th conference, defense counsel represented in a March 31, 2008 letter, responding to Plaintiff's request for the identification of an electronic

discovery person pursuant to Local Civil Rule 26.1(d)(1), that Ms. Luisa Arias of Cerveceria Nacional Dominicana was such person and that she could only be contacted through defense counsel's office. Exhibit D. Based on this representation, and the fact that Plaintiff had already hired a process server to serve the Complaint on Cerveceria Nacional Dominicana and Grupo Leon Jimenes in the Dominican Republic, I wrote to defense counsel pursuant to Federal Rule of Civil Procedure 4(d) requesting waiver of the service of process on Cerveceria Nacional Dominicana. Exhibit E. Defense counsel phone me that day to advise that Cerveceria Nacional Dominicana had already been served, and that he had received documents to the effect. By letter to defense counsel dated April 8th, which also served Plaintiff's discovery, I requested production of the non-privileged documents evidencing service on Cerveceria Nacional Dominicana and/or Grupo Leon Jimenes. Exhibit F. In defense counsel's April 15th letter advising on service of the Yahoo! subpoena (Exhibit C hereto), he further advised that no documents evidencing service on the Dominican Republic entities would be produced because they are privileged and confidential attorney-client communications. This representation not only conflicts with Local Civil Rule 34.1, which requires defense counsel to indicate if the documents exist (i.e., affidavits of service), but is also objectionable given his prior representation that service was effected. Documentation of that occurrence cannot be privileged, and should be produced as we have not yet received the proofs of service and would like to file same pursuant to Federal Rule of Civil Procedure 4 to move this case forward.

    For the foregoing reasons, Plaintiff respectfully requests that Defendants Presidente USA, Inc., and Gevity HR, Inc., be required to produce the non-privileged documents evidencing service of the Complaint on the Dominican Republic entities Cerveceria Nacional Dominicana and/or Grupo Leon Jimenes, Ltd. In the event Defendants contend that all such documents are privileged, Plaintiff requests an in camera review by Your Honor to determine what documents should be produced.

    I thank the Court in advance for its courtesies.

                                    Respectfully Submitted,
                                    NIEDWESKE BARBER

                                    Christopher W. Hager

                                    Christopher W. Hager


Attachments

Cc:   Eric A. Savage, Esq. (via fax only, w/attachments)
      Susan Engle, Esq. (via fax only, w/attachments)

# EXHIBIT A

## LITTLER MENDELSON®
### A PROFESSIONAL CORPORATION

Eric A. Savage
Direct: 973.848.4706
Direct Fax: 973.643.5626
esavage@littler.com

March 26, 2008

RECEIVED
MAR 2 7 2008

BY: ----------------

**VIA FEDERAL EXPRESS**

Kevin E. Barber, Esq.
Niedweske Barber
98 Washington Street
Morristown, New Jersey 07960

Re:   Jacqueline Hone v. Presidente U.S.A., Inc. *et al.*
      Civil Action No. 07-5635 (HAA) (ES)

Dear Mr. Barber:

On behalf of defendants Gevity HR, Inc. and Presidente U.S.A., Inc., please take notice that a subpoena will be served on Yahoo! relative to this matter, a copy of which is enclosed as **Exhibit A**. This notice is provided to Plaintiff pursuant to F.R.C.P. 45(b)(1).

We have been advised that Yahoo! will provide a consent form upon the service of the subpoena, which consent form will need to be executed by Plaintiff in order for Yahoo! to comply with the subpoena. We will forward the consent form to your office as soon as it arrives. Please promptly have Plaintiff execute the consent form and return to us at that time.

Moreover, please be advised of Plaintiff's affirmative obligation to preserve all potentially relevant electronic data pursuant to L.Civ.R. 26.1. *See MOSAID Tech. Inc. v. Samsung Elec. Co.*, 348 F. Supp. 2d 332, 339 (D.N.J. 2004) (holding that "spoliation inference" may apply to litigant who, in advance of litigation, failed to preserve relevant electronic data).

Thank you for your attention to this matter.

Very truly yours,

*E A Savage*

Eric A. Savage

Enclosure

cc:   Susan R. Engle, Esq.

Firmwide:84687126.2 046687.1081

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEX

VIRGIN

WASHINGTON

04/16/2008 12:50 FAX 9734010061    NIEDWESAE BARBER PC

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

Northern DISTRICT OF California

JACQUELINE HONE
V.
PRESIDENTE U.S.A., INC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] N.J. 07-5635 (HAA) (ES)

TO:
Custodian of Records for Yahoo!
701 First Avenue
Sunnyvale, California 94089

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

The content of any and all electronic files, e-mail messages (with attachments), Instant Message communications and/or any other communication created any time between August 20, 2001 to July 20, 2007 and maintained by Yahoo! related to account holder Jacqueline Hone's subscription with Yahoo!, Yahoo Mail and/or Yahoo Messenger.

| PLACE Littler Mendelson, P.C. - One Newark Center, 8th Floor, Newark, New Jersey 07102 | DATE AND TIME April 18, 2008 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE March 28, 2008 |

E A Savage

Attorney for Defendants Presidente U.S.A., Inc. and Gevity HR, Inc.

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric A. Savage, Esq.
Littler Mendelson, P.C.
One Newark Center, 8th Floor
Newark, New Jersey 07102 - (973) 848.4700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

American LegalNet, Inc.
www.USCourtForms.com

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | PLACE |
|---|---|
| DATE | |
| SERVED: | |

| | MANNER OF SERVICE |
|---|---|
| SERVED ON (PRINT NAME) | |

| | TITLE |
|---|---|
| SERVED BY (PRINT NAME) | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# EXHIBIT B



**NIEDWESKE BARBER**
ATTORNEYS AT LAW

www.n-blaw.com

98 Washington Street
Morristown | New Jersey | 07960
973.401.0064
973.401.0061 fax

140 Broadway, 46th Floor
New York | New York | 10005
212.208.1496
212.858.7750 fax

March 28, 2008

**VIA FACSIMILE – (408) 349-7941**
**& REGULAR MAIL**

Custodian of Records for Yahoo!
701 First Avenue
Sunnyvale, California 94089

    Re:    Hope v. Presidente U.S.A., Inc., et al.
           Civil Action No. 07-5635 (HAA)(ES)

Dear Madame or Sir:

        Please be advised that this law firm represents the Plaintiff in this sexual
harassment, hostile work environment lawsuit. This letter is sent to Yahoo! to give notice
that Plaintiff intends to move the Court to quash the subpoena to be served on Yahoo! by
Defendants Presidente U.S.A., Inc., and Gevity HR, Inc. As a result, *no documents or
information are to be produced under the subpoena*, unless otherwise directed by the
Court.

        If you have any questions regarding the foregoing, please do not hesitate to
contact me.

                                Very truly yours,
                                NIEDWESKE BARBER

                                Christopher W. Hager
                                Christopher W. Hager

Cc:    Eric A. Savage, Esq. (via fax only)
       Susan R. Engle, Esq. (via fax only)

# EXHIBIT C

## LITTLER MENDELSON®
### A PROFESSIONAL CORPORATION

                                                    Eric A. Savage
                                                    Direct: 973.848.4706
April 15, 2008                                      Direct Fax: 973.643.5626
                                                    esavage@littler.com

**VIA FACSIMILE ONLY – (973) 401-0061**

Christopher W. Hager, Esq.
Niedweske Barber
98 Washington Street
Morristown, New Jersey 07960

Re:    **Jacqueline Hone v. Presidente U.S.A., Inc. et. al.**
       **Civil Action No. 07-5635 (HAA) (ES)**

Dear Mr. Hager:

In response to your letter dated April 8, 2008, we disagree with the contention that the interrogatories served upon plaintiff on behalf of Presidente U.S.A., Inc. and Gevity HR, Inc. are not in compliance with Fed.R.Civ.P. 33. However, we are amenable to providing plaintiff an additional week in which to respond to the interrogatories. Please advise if plaintiff would want or need such additional time.

Moreover, and in response to your question, we are not in possession of any documentation evidencing service of process on Cerveceria Nacional Dominicana and Grupo Leon Jimenes, in the Dominican Republic, which is not privileged and confidential attorney-client communication.

Lastly, please find enclosed a copy of the Subpoena issued by the United States District Court of the Northern District of California, under Civil Action No. 08-MC-80071-JF, and served on the Custodian of Records for Yahoo! on April 2, 2008.

Very truly yours,

*E.A. Savage*

Eric A. Savage

cc:    Susan Engle, Esq. (via fax 215.735.1714)

Firmwide:84905897.2 046687.1081

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

**ORIGINAL**
**FILED**

**Issued by the**

# UNITED STATES DISTRICT COURT  2008 JAN 10: 4:

Northern DISTRICT OF California  HARD W. WIEKING
CLERK
U.S. DISTRICT COURT

JACQUELINE HONE
V.
PRESIDENTE U.S.A., INC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:¹ N.J. 07-5635 (HAA) (ES) **JF**

**CV 08 - 80071 MISC. HRL**

TO:
Custodian of Records for Yahoo!
701 First Avenue
Sunnyvale, California 94089

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

The content of any and all electronic files; e-mail messages (with attachments), Instant Message communications and/or any other communication created any time between August 20, 2001 to July 20, 2007 and maintained by Yahoo! related to account holder Jacqueline Hone's subscription with Yahoo!, Yahoo Mail and/or Yahoo Messenger.

| PLACE   Littler Mendelson, P.C. - One Newark Center, 8th Floor, Newark, New Jersey 07102 | DATE AND TIME   April 18, 2008 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE   March 28, 2008 |
|---|---|

*E A Savage*

Attorney for Defendants Presidente U.S.A., Inc. and Gevity HR, Inc.

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric A. Savage, Esq.
Littler Mendelson, P.C.
One Newark Center, 8th Floor
Newark, New Jersey  07102 - (973) 848.4700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

American LegalNet, Inc.
www.USCourtForms.com

¹If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED: | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

American LegalNet, Inc.
www.USCourtForms.com

**PROOF OF SERVICE**

AO 88 (11/91) Subpoena in a Civil Case

| | |
|---|---|
| **DATE:** April 3.08 | **PLACE:** 701 First Avenue Sunnyvale, CA 94089 |

SERVED

SERVED ON: YAHOO! ATTN: CUSTODIAN OF RECORDS
ACCEPTED BY: Stephen Murphy
RELATIONSHIP/TITLE: Security Supervisor

**MANNER OF SERVICE: RULE 45, FEDERAL CIVIL RULE**
**SERVING: SUBPOENA IN A CIVIL CASE**

Personal

SERVED BY Len Warren OUT OF STATE

TITLE                    PROCESS SERVER

---

**DECLARATION OF SERVER**

Description of Person Receiving Document(s):

SEX: M   AGE: 40   HEIGHT: 6'   WEIGHT: 200   SKIN: Black   HAIR: Black   OTHER:

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Certification of Service is true and correct.

Len J Warren                                   L.S.
SIGNATURE OF OUT OF STATE
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

EXECUTED ON:

| | |
|---|---|
| ATTORNEY: | ERIV A SAVAGE, ESQ |
| PLAINTIFF: | JACQUELINE HONE |
| DEFENDANT: | PRESIDENTE USA , INC., ET AL |
| VENUE: | NORTHERN DISTRICT OF CALIFORNIA |
| DOCKET: | N/A |
| FEE: | $0.00 |

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person.

exempt that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person order to attend trial be commanded to travel from any such place within the state in trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exc or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's st made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to attend trial a substantial expense to travel more than 100 miles to attend trial, the court may, to pr person subject to or affected by the subpoena, quash or modify the subpoena or, if t in whose behalf the subpoena is issued shows a substantial need for the testimony o material that cannot be otherwise met without undue hardship and assures that the pe whom the subpoena is addressed will be reasonably compensated, the court may or appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce t they are kept in the usual course of business or shall organize and label them to cor with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is pri or subject to protection as trial preparation materials, the claim shall be made expres shall be supported by a description of the nature of the documents, communications things not produced that is sufficient to enable the demanding party to contest the cl

# EXHIBIT D

**LITTLER MENDELSON**®
A PROFESSIONAL CORPORATION

Eric A. Savage
Direct: 973.848.4706
Direct Fax: 973.643.5626
esavage@littler.com

March 31, 2008

**VIA FACSIMILE ONLY - (973) 401.0061**

Kevin E. Barber, Esq.
Niedweske Barber
98 Washington Street
Morristown, New Jersey 07960

Re:   Jacqueline Hone v. Presidente U.S.A., Inc. et al.
      Civil Action No. 07-5635 (HAA) (ES)

Dear Mr. Barber:

On behalf of Presidente U.S.A., Inc. ("Presidente") and as supplement to the Initial
Disclosure Statement of Presidente U.S.A., Inc., dated March 18, 2008, please be advised
that Luisa Arias is the person designated by Presidente to provide information about its
information management system and/or facilitate any reasonable e-discovery. Ms. Arias is
employed by Cerveceria Nacional Dominicana and may be contacted through our office.

In addition, we hereby amend the Initial Disclosure Statement by advising that Franklin Leon
is employed by Cerveceria Nacional Dominicana and not Presidente.

Very truly yours,

*E A Savage*

Eric A. Savage

Enclosures

cc:   Susan R. Engle, Esq. (via fax only (856) 616-0776)

Firmwide:84735910.2 046687.1081

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

# EXHIBIT E



98 Washington Street
Morristown | New Jersey | 07960
973.401.0064
973.401.0061 fax

www.n-blaw.com

140 Broadway, 46th Floor
New York | New York | 10005
212.208.1496
212.858.7750 fax

April 1, 2008

<u>VIA FACSIMILE ONLY</u> - (973) 643-5626

Eric A. Savage, Esq.
Littler Mendelson, P.C.
One Newark Center, 8th Floor
Newark, NJ  07102

    Re:   <u>Jacqueline Hong v. Presidente, et al.</u>
          Docket No. Civil Action No. 07-5635(HAA)(ES)

Dear Mr. Savage:

        Given the supplementary discovery information contained in your March 31st letter, combined with the Initial Disclosure Statements and business records produced by Defendants Presidente and Gevity that identify Franklin Leon as a material witness, this letter shall serve as Plaintiff's notice under <u>Federal Rule of Civil Procedure</u> 4(d) requesting waiver of service of the Complaint on Cerveceria National Dominicana. Please be advised that we have begun the process to serve this entity with the Complaint, and are thereby incurring costs that can be saved by agreeing to this requested waiver of service. Please advise of your response at the earliest opportunity.

        If you should have any questions, please do not hesitate to contact me.

                                Very truly yours,
                                NIEDWESKE BARBER

                                Christopher W. Hager

Cc:   Susan R. Engle, Esq. (via fax only at (856) 616-0776)

# EXHIBIT F

# NB NIEDWESKE BARBER
ATTORNEYS AT LAW

) | www.n-blaw.com

98 Washington Street
Morristown | New Jersey | 07960
973.401.0064
973.401.0081 fax

140 Broadway, 46th Floor
New York | New York | 10005
212.208.1486
212.858.7750 fax

April 8, 2008

VIA FAX ONLY - (973) 741-2580

Eric A. Savage, Esq.
Littler Mendelson
One Newark Center
8th Floor
Newark, New Jersey 07102-5311

Re:  Jacqueline Hone v. Presidente, et al.
     Docket No. Civil Action No. 07-5635(HAA)(ES)

Dear Mr. Savage:

     Pursuant to the applicable Federal Rules of Civil Procedure, enclosed herewith for service is Plaintiff's First Set of Interrogatories to Defendant Presidente U.S.A., Inc.

     The interrogatories propounded on behalf of your Defendant clients President and Gevity HR, Inc., are not in compliance with Fed. R. Civ. P. 33, which mandates that interrogatories are not to exceed 25 in number "including all discrete subparts." Many of your clients' interrogatories contain numerous discrete subparts, such as Presidente's interrogatories 7, 8, and 14, which are illustrative but not exhaustive of this discovery issue. Please contact me to discuss a resolution of this issue in order for Plaintiff Hone to provide timely, fully responsive answers to properly drafted interrogatories.

     Finally, you indicated to me approximately 2 weeks ago that one of your clients had provided you with documentation evidencing service of the Complaint on Cerveceria Nacional Dominicana and Grupo Leon Jimenes, Ltd., in the Dominican Republic. While I am not requesting any privileged communications, I am respectfully requesting that you immediately provide Plaintiff with a complete copy of all non-privileged documents demonstrating this service of process.

                                              Very truly yours,
                                              NIEDWESKE BARBER

                                              Christopher W. Hager
                                              Christopher W. Hager

Enclosure





ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

April 18, 2008                                          Eric A. Savage          COLORADO
                                                   Direct: 973.848.4706
                                                   Direct Fax: 973.643.5626    CONNECTICUT
                                                   esavage@littler.com
                                                                              DISTRICT OF
                                                                               COLUMBIA

**VIA FACSIMILE: (973) 645-2469**                                              FLORIDA

Honorable Esther Salas                                                        GEORGIA
United States Magistrate Judge
Martin Luther King, Jr. United States Courthouse                              ILLINOIS
50 Walnut Street
Newark, New Jersey 07101                                                       INDIANA

Re:    Jacqueline Hone v. Presidente USA, Inc. et al.                         MASSACHUSETTS
       Civil Action No. 07-1844 (HAA) (ES)
                                                                             MINNESOTA
Dear Magistrate Judge Salas:
                                                                              MISSOURI
This office represents defendants Presidente USA, Inc., Cerveceria Nacional Dominicana
("CND"), Grupo Leon Jimenes, Ltd.("GLJ") and Gevity HR, Inc. in the above matter. We    NEVADA
write in response to the letter motion dated April 16, 2008 filed by plaintiff's counsel seeking
(a) to quash a subpoena served by our office on Yahoo!, seeking production of plaintiff's   NEW JERSEY
email account, and (b) to compel our office to produce "documents evidencing proof of
service of Plaintiff's Complaint on the two Dominican Republic entities that employed her".   NEW YORK
We will address these items in order.
                                                                             NORTH CAROLINA
With respect to the discovery motion, it is not ripe for decision because plaintiff failed to
abide by the requirements of Local Rule 37.1. That Rule requires counsel to attempt to   OHIO
resolve differences concerning discovery disputes before involving the Court, and further
mandates that in any applications to the Court involving discovery issues, counsel must    OREGON
specify for the Court when and how efforts were made to resolve the issue without involving
the Court.                                                                   PENNSYLVANIA

The present application contains no such statement because counsel made no effort at all to   RHODE ISLAND
contact us to try to resolve this issue. We have a good faith reason to believe that plaintiff's
private emails contain information about her allegations of sexual harassment and the alleged   SOUTH CAROLINA
emotional distress that they produced.  In addition to offering further information about
plaintiff's experience during her employment at Presidente, her state of mind, and the events   TEXAS
which led to her resignation in July 2007, the materials that we expect would be produced by
Yahoo! may well lead to the identification of additional witnesses who can testify about   VIRGINIA
plaintiff's emotional condition, other stressors that we believe caused emotional distress
having nothing to do with any events at Presidente, and her relationship with the alleged   WASHINGTON
harasser.  Since plaintiff has affirmatively placed her personal and emotional state in issue,

Hon. Esther Salas, U.S.M.J.
April 18, 2008
Page 2


discovery relating to those issues is essential for the defense of the case and denying defendants access to what may be a fertile source of data on those subjects would be prejudicial.

If plaintiff has a proposal about how certain privacy or other issues might be addressed, we are prepared to discuss them in good faith. However, it is improper for plaintiff to seek a wholesale striking of a properly issued subpoena without making the effort to suggest what her specific concerns might be and a means by which those concerns could be addressed. For these reasons, the application should be denied in full.

The application to compel production of documents relating to the alleged service of process is puzzling. First, plaintiff was not employed by either CND or GLJ. Moreover, we are not at all clear what documents plaintiff is seeking. Plaintiff apparently attempted service of process on one or both of the Dominican entities by sending the Summons and Complaint to CND's facility in Santo Domingo, Dominican Republic, by unregistered United States Priority Mail. The package was received by CND on April 1, 2008. To our understanding, there was no personal service made or attempted, and it is unclear to us whether the envelope in which the materials were sent was addressed to CND or GLJ. We assume that they were addressed to CND, because GLJ is not located at the same facility as CND. In any event, there has been no proof of service filed with the Court concerning the alleged service of process. Copies of the materials that CND received were forwarded to us, and communications with our office are presumptively privileged. Whether that service is valid as to CND and whether the Court can properly exercise personal jurisdiction over that defendant, or over GLJ if and when that company is ever served, are issues which would not be affected by internal documents concerning service of process, even if they did exist.

We are not aware of the existence of any non-privileged documents regarding service. In fact, twenty-four hours **before** plaintiff submitted the within application, we advised counsel as such. A copy of my April 15 letter, which was faxed to counsel at 12:45 p.m. that day according to our fax records, is attached as Exhibit A.

As a result, and since we have already responded to the request and advised plaintiff that we have no knowledge of documents responsive to his request, the application should be denied.

Hon. Esther Salas, U.S.M.J.
April 18, 2008
Page 3


We remain available for any conferences or telephone calls that Your Honor may deem necessary in this matter.

Respectfully yours,

Eric A. Savage

EAS/hdw
cc:    Christopher W. Hager. Esq. (via fax)
       Susan Engle, Esq. (via fax)


Firmwide:84963857.1 046687.1081