**NIEDWESKE BARBER**
98 Washington Street
Morristown, NJ 07960
Tele: 973-401-0064
Fax: 973-401-0061
www.n-blaw.com
Attorneys for Plaintiff Jacqueline Hone

**FILED**

2008 JUL -7  P 2: 57

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE HONE,<br><br>              Plaintiff,<br><br>v.<br><br>PRESIDENTE U.S.A., INC.,<br>CERVECERIA NACIONAL<br>DOMINICANA, GRUPO LEON<br>JIMENES, LTD., ADMINISTAFF, INC.,<br>GEVITY H.R., and PHILLIP MORRIS,<br><br>              Defendants. | Misc. Case No. CV 08-8007/(HRL)<br><br>**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO QUASH A SUBPOENA SERVED ON YAHOO!**<br><br>The Honorable Howard R. Lloyd, USDJ<br><br>Hearing Date: July 22, 2008<br><br>Time: 10:00 a.m. |

---

**REPLY BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S
MOTION TO QUASH DEFENDANTS' CIVIL DISCOVERY
SUBPOENA SERVED ON YAHOO!**

---

On the Brief:
    Kevin E. Barber, Esq.
    Christopher W. Hager, Esq.

## Table of Contents

PRELIMINARY STATEMENT................................................................2

STATEMENT OF FACTS IN REPLY.......................................................3

LEGAL ARGUMENT.............................................................................3

    POINT ONE.....................................................................................3

        DEFENDANTS' DISCOVERY SUBPOENA SHOULD BE
QUASHED AS THEY HAVE FAILED TO OFFER ANY
BASIS TO ENFORCE THE SUBPOENA.................................3

        A.    The Parties Met and Conferred Before This Motion
Was Filed...........................................................................3

        B.    Plaintiff Hone's Privacy Interests, as Protected by the
Electronic Communications Privacy Act, outweigh Defendants'
Sweeping and Unreasonable Discovery Subpoena..................4

        C.    Conclusion........................................................................9

# Table of Authorities

**Cases**

Cook v. Yellow Freight Systems, Inc., 132 F.R.D. 548, 551 (E.D. Cal. 1990).................. 6

Federal Trade Commission v. Netscape Communications Corp., 196 F.R.D. 559, 561 (N.D. Cal., 2000).................................................................................................... 7

In re Subpoena Duces Tecum to AOL, LLC, 2008 U.S. Dist. LEXIS 39349 (E.D. Va., Apr. 18, 2008) ............................................................................................... 7, 8

Mendez v. Superior Court, et al., 253 Cal. Rptr. 731, 736 (Cal. App. 1988) ................. 4, 8

Ragge v. MCA/Universal Studios, et al., 165 F.R.D. 601 (C.D. Cal. 1995) ................... 5, 6

Theofel, et al. v. Farey-Jones, et al., 359 F.3d 1066, 1072-73 (9th Cir., 2003).................... 5

Vinson v. Superior Court, 239 Cal. Rptr. 292 (1987)........................................................ 4

## PRELIMINARY STATEMENT

This brief is respectfully submitted on behalf of Plaintiff Jacqueline Hone, who moves this Court to quash the discovery subpoena served on Yahoo! by Defendants Presidente USA, Inc., and Gevity HR, Inc. (hereinafter "Defendants").

Defendants' opposition papers reveal that they issued their subpoena to Yahoo! for all of Plaintiff Hone's "electronic files, e-mail messages (with attachments), Instant Message communications and/or any other communication created any time between August 20, 2001 to July 20, 2007 and maintained by Yahoo!" based on a string of sporadic electronic communications from April to October, 2007, between Ms. Hone and one member of Defendants' upper management, Leoni Marti. Defendants argue that, because of her alleged communication with this single upper manager (some of which occurred after her July, 2007 constructive discharge), Plaintiff Hone has somehow opened the door to allow Defendants to rummage through her private electronic communications occurring throughout the six (6) prior years.[1] Defendants have failed to identify a single other person who engaged in electronic communications with the Plaintiff that may be relevant to this case, or any other communication that she had that is relevant, and have failed to offer a single legal citation to support enforcement of their improper subpoena. Indeed, nowhere in Defendants' opposition papers is reference made to Federal Rule of Civil Procedure 45(c)(3), the procedural basis to quash their discovery subpoena. For the reasons set forth herein and in her initial moving papers, Plaintiff Hone respectfully requests that her motion be granted and Defendants' discovery subpoena quashed.

---

[1] For the record, Plaintiff disagrees with Defendants' incompetent description of what was intended by the few electronic messages exchanged with Leoni Marti.

2

## STATEMENT OF FACTS IN REPLY

Plaintiff Jacqueline Hone respectfully incorporates herein the factual content of the Reply Declaration of her counsel submitted herewith.

## LEGAL ARGUMENT

### POINT ONE

### DEFENDANTS' DISCOVERY SUBPOENA SHOULD BE QUASHED AS THEY HAVE FAILED TO OFFER ANY BASIS TO ENFORCE THE SUBPOENA

#### A. The Parties Met and Conferred Before This Motion Was Filed

As set forth in fuller detail in her attorney's accompanying Reply Declaration, counsel for the parties did meet and confer before this motion to quash was filed. It was only after defense counsel stated that Defendants would not withdraw, much less modify, their subpoena that U.S. Magistrate Judge Salas recommended that a motion to quash be filed. Contrary to Defendants' assertion at page 6 of their Memorandum of Points and Authorities, Plaintiff Hone's counsel did provide a certified statement to this Court at Paragraph 12 of his moving Declaration that there was a meet and confer to attempt to resolve this dispute. That effort failed, which prompted this motion. As this Court's Civil Local Rule 37-1(a) relates to motions to compel disclosure, or discovery, or for sanctions, it is respectfully submitted that this Local Rule does not apply to this motion to quash a discovery subpoena as Defendants assert at page 7 of their Memorandum. Should Your Honor determine that it does apply, Plaintiff respectfully submits that this meet and confer requirement was satisfied, and that Defendants' argument that her motion to quash should be dismissed because of an alleged failure to meet and confer is without authority and should be rejected.

3

### B.   Plaintiff Hone's Privacy Interests, as Protected by the Electronic Communications Privacy Act, Outweigh Defendants' Sweeping and Unreasonable Discovery Subpoena

As a general principle, Plaintiff fully agrees with Defendants that the rules of discovery are to be broadly applied. However, and for reasons similar to those expressed by the Court of Appeals of California, Fifth Appellate District, upon which Defendants place reliance at pages 7-8 of their Memorandum, "[t]he filing of a sexual harassment suit, even one which also alleges severe emotional distress, does not operate as an implicit waiver of the complainant's right to privacy in sexual matters." Mendez v. Superior Court, et al., 253 Cal. Rptr. 731, 736 (Cal. App. 1988). Plaintiff Hone respectfully submits that her filing a sexual harassment suit against the Defendants relating to their pattern and practice of sexual discrimination and abuse spanning a period of six (6) years should not "operate as an implicit waiver" of her right to privacy in her private and protected electronic communications occurring during that time period. Defendants have offered no authority to the contrary.

As the Mendez court also found, consistent with the California Supreme Court's decision in Vinson v. Superior Court, 239 Cal. Rptr. 292 (1987), an individual's constitutional right to privacy "may be abridged when, but only when, there is a 'compelling' and opposite state interest." 253 Cal. Rptr. at 736. That court further observed that "[w]hen compelled disclosure intrudes on constitutionally protected areas, it cannot be justified solely on the ground that it may lead to relevant information." Id. Here, Plaintiff Hone's electronic communications were, and are, protected by the constitutionally sound Electronic Communications Privacy Act ("ECPA"), and she has produced, and will continue to produce, all documents and information relevant to her

4

pain and suffering claim. The Ninth Circuit has established that the ECPA "reflects Congress's judgment that users have a legitimate interest in the confidentiality of communications in electronic storage at a communications facility. . . . [and] protects users whose electronic communications are in electronic storage with an ISP or other electronic communications facility." Theofel, et al. v. Farey-Jones, et al., 359 F.3d 1066, 1072-73 (9th Cir., 2003), cert. denied, 543 U.S. 813 (2004). Defendants implicitly, and correctly, acknowledge Theofel's controlling legal analysis on the ECPA issues presented in this motion to quash. Defendants' Memorandum of Points and Authorities at 11-12.

Defendants' reliance on the United States District Court for the Central District of California's decision in Ragge v. MCA/Universal Studios, et al., 165 F.R.D. 601 (C.D. Cal. 1995) is instructive on the Plaintiff's privacy interests protected by the ECPA and threatened by Defendants' discovery subpoena. At issue in Ragge was the Plaintiff's motion for Defendants to produce the personnel files of each of the individually named defendants who allegedly sexually harassed, discriminated, and retaliated against her. Defendants refused to produce the documents based on their privacy in the individual defendants' medical and compensation information. Id. at 602, 604. Defendants' privacy argument was not based on a federal statute, such as the ECPA. Plaintiff's discovery requests were narrowly tailored, however, to personnel documents including the individual defendant's promotions, discipline, and performance reviews. Id. at 604. The court determined that the limited scope of documents sought by the Plaintiff was relevant to her claims, and that a proper balance had been struck between her request and the individual defendants' rights to privacy in their medical and compensation information. Id. at 605.

In a block-quote at page 605 of Ragge, which Defendants in the instant matter partially quote in their Memorandum at page 8, the Court noted in language from that quote <u>omitted</u> by the Defendants that "the initiation of a law suit, does not, by itself, grant plaintiffs the right to rummage unnecessarily and unchecked through the private affairs of anyone they choose. A balance must be struck." Id. at 605 (quoting Cook v. Yellow Freight Systems, Inc., 132 F.R.D. 548, 551 (E.D. Cal. 1990)). The court further noted that "even when a balance is struck, the 'scope of disclosure will be narrowly circumscribed; such an invasion of the right of privacy must be drawn with narrow specificity and is permitted only to the extent necessary for a fair resolution of the lawsuit." Id.

In the instant matter, Defendants' discovery subpoena does not strike any balance. Their previously unknown proposal at pages 13-14 of their Memorandum that the subpoena can purportedly "be limited in its scope to cover communications with the fifty-two individuals named" in Plaintiff's discovery responses is made without any foundation. The Defendants are fully capable of subpoenaing any fact witnesses they wish to question, and without violating Plaintiff Hone's rights protected by the ECPA. As a threshold matter, however, the Defendants have offered no evidence of a single personal electronic communication between the Plaintiff and anybody other than Leoni Marti, and base their argument at pages 9-10 of the Memorandum on amorphous "communications" that they can only speculate occurred. This serves to demonstrate the purely speculative basis of Defendants' attempted fishing expedition into the Plaintiff's private electronic communications. This contrasts with the civil discovery subpoena

recently quashed in In re Subpoena Duces Tecum to AOL, LLC, 2008 U.S. Dist. LEXIS 39349 (E.D. Va., Apr. 18, 2008).[2]

Unlike the sweeping and burdensome subpoena issued by the Defendants in the case at bar, the subpoena at issue in In re Subpoena Duces Tecum to AOL was based on 15,000 confidential documents on a State Farm computer that were forwarded to the witnesses' personal AOL accounts before being used by an attorney to file lawsuits against State Farm. The subpoena requested documents from a six-week period. The District Court upheld the Magistrate Judge's Order quashing the subpoena, reasoning that the issuance of a civil discovery subpoena (as was done by the Defendants herein) was not an exception to the ECPA, and that AOL was prohibited from producing the witnesses' e-mails based on their "legitimate interest in the confidentiality of their personal e-mails being stored electronically by AOL." 2008 U.S. Dist. LEXIS 39349, at *8-14 (E.D. Va., Apr. 18, 2008); see also Federal Trade Commission v. Netscape Communications Corp., 196 F.R.D. 559, 561 (N.D. Cal., 2000)(concluding that enforcing a discovery subpoena duces tecum to disclose a subscriber's electronic communications would be an impermissible "end-run around" the ECPA's protections through a Rule 45 subpoena).

Defendants' opposition to FTC v. Netscape is that it related to a government entity's improper use of a Rule 45 subpoena to pursue ECPA-protected communications.

---

[2] Plaintiff respectfully submits that the citation to, and reliance on, In re Subpoena Duces Tecum to AOL, LLC, is permitted under Civil Local Rule 3-4(d)(4). That Rule provides that "[i]n any citation to other federal courts, unless an alternate reporting service is widely available, a citation to the Federal Reporter, Federal Supplement or Federal Rules Decisions must be used. If the case is not yet available in those formats but is available on electronic databases, citation must indicate the database, year and any screen or page numbers, if assigned." (emphasis added). Defendants' contrary assertion at page 12 of its Memorandum should therefore be rejected.

Defendants' Memorandum of Points and Authorities at 12. Defendants' argument does not, however, demonstrate how their use of a civil discovery subpoena complies with the ECPA, or that the In re Subpoena Duces Tecum to AOL court's holding that it did not was anything other than a proper construction and application of the statute. Plaintiff Jacqueline Hone respectfully submits that these persuasive decisions by sister district courts further support quashing Defendants' subpoena.[3]

Defendants also have failed to address Plaintiff's argument that their discovery subpoena subjects her to an "undue burden" in violation of Federal Rule of Civil Procedure 45(c)(3)(A)(iv). The Court in In re Subpoena Duces Tecum to AOL concluded that State Farm's subpoena's scope sought documents that were likely to include "privileged and personal information unrelated to the [underlying] litigation, imposing an undue burden on Cori Rigsby." 2008 U.S. Dist. LEXIS at *16-17. Plaintiff Jacqueline Hone respectfully submits that an undue burden would be imposed on her if Defendants' subpoena was enforced.

Finally, and as the court recognized and held in Mendez v. Superior Court, et al., the privacy interests of uninterested third persons should be considered. 253 Cal. Rptr. at 737. Although analyzed under a different statutory scheme, the principles and underlying public policy advanced by the Mendez court concluded that the defendants' discovery request impermissibly sought "the right to ferret out the existence and identity of such third parties" in violation of their rights. This impermissible purpose served as further

---

[3] Defendants' purported distinction of In re Subpoena Duces Tecum to AOL because it involved a non-party should be disregarded as it ignores the Ninth Circuit's decision in Theofel, which applied the ECPA to a party, and which also served as authority for the decision in In re Subpoena Duces Tecum to AOL.

grounds for that court to deny discovery, which Plaintiff Hone respectfully submits should also occur by granting her motion to quash.

### C. Conclusion

Plaintiff Jacqueline Hone respectfully requests that her motion be granted and Defendants' civil discovery subpoena served on Yahoo! be quashed.

Respectfully Submitted,<br>
NIEDWESKE BARBER, P.C.<br>
Attorneys for Plaintiff Jacqueline Hone<br>
<br>
Christopher W. Hager

Dated: July 3, 2008