*e-filed 7/21/08*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE HONE,<br><br>    Plaintiff,<br>  v.<br><br>PRESIDENTE U.S.A., INC., CERVECERIA NACIONAL DOMINICANA, GRUPO LEON JIMENES, LTD., ADMINISTAFF, INC., GEVITY H.R., and PHILLIP MORRIS,<br><br>    Defendants.<br>_____/ | Case No. Miscellaneous No. C08-80071 JF (HRL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO QUASH**<br><br>**[Re: Docket Nos. 2, 9, 18]** |

    Plaintiff Jacqueline Hone moves to quash a subpoena *duces tecum* (served on non-party Yahoo!) which seeks all of her personal e-mails for a six-year period. The court finds this matter appropriate for disposition without a hearing pursuant to Civil Local Rule 7-1(b) and GRANTS plaintiff's motion to quash the subpoena.

## I.  BACKGROUND

    Plaintiff alleges various instances of prohibited conduct by defendants in her employment discrimination action, which is presently before the District Court of New Jersey. In connection with that claim, defendants served a subpoena *duces tecum* on non-party internet service provider Yahoo!,[1] requesting production of:

---

[1]    Since Yahoo! is located in the Northern District of California, the subpoena was issued by this court.

> The content of any and all electronic files, e-mail messages (with attachments), Instant Message communications and/or other communication created any time between August 20, 2001 to July 20, 2007 and maintained by Yahoo! related to account holder Jacqueline Hone's subscription with Yahoo!, Yahoo! mail and/or Yahoo! Messenger.[2]

## II. LEGAL STANDARD

Upon a timely motion, Fed. R. Civ. Pro. 45(c)(3)(iii) and (iv) require the court to quash any subpoena issued by the court that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden."

## III. DISCUSSION

Plaintiff argues that the Stored Communications Act, 18 U.S.C. §§ 2701-11 ("SCA") prohibits Yahoo! from disclosing the stored contents of Hone's e-mail solely at defendants' request. This court agrees. The SCA governs disclosure of information by providers of electronic communication services ("ECS") and remote computing services ("RCS"). As an ECS that retains messages in electronic storage, Yahoo! is subject to the SCA. *See Theofel v. Farey-Jones*, 359 F.3d 1066, 1070 and 1075 (9th Cir. 2004) (holding that NetGate, an Internet Service Provider that stored e-mails on its servers after delivery to the recipient, was an ECS for purposes of the SCA), *cert. denied*, 543 U.S. 813 (2004); *see also Quon v. Arch Wireless Operating Co.,* No. 07-55282, 2008 WL 2440559 at *8 (9th Cir. June 18, 2008) (quoting *Theofel's* classification of NetGate with approval). An ECS or RCS "can release private information to, or with the lawful consent of 'an addressee or intended recipient of such communication,' whereas only an RCS can release such information 'with the lawful consent of . . . the subscriber.'" *Quon*, 2008 WL 2440559, at *5 (citations to SCA omitted).

The SCA provides limited exceptions to the general restriction on disclosure in 18 U.S.C. § 2702(b). Here, the only relevant exceptions are those allowing disclosure of stored electronic information with the authorization of a message's originator or recipient. 18 U.S.C. §

---

[2] Plaintiff worked for defendants between August 2001 and July 2007, the same period covered by defendant's request for her personal e-mail records.

2

2702(b)(1) and (3). The defendants' subpoena *duces tecum* seeks e-mail information originated and received by Hone. Since defendants are not the authors nor the claimed recipients of the e-mails, Yahoo!'s disclosure without Hone's authorization would violate the SCA.[3] Compliance with the subpoena would be "an 'invasion . . . of the specific interests that the [SCA] seeks to protect.'" *Theofel v. Farey-Jones*, 359 F.3d 1066, 1074 (9th Cir. 2004) (quoting *J.H. Desnick, M.D., Eye Servs., Ltd. v. ABC*, 44 F.3d 1345, 1352 (7th Cir. 1995), *cert. denied*, 543 U.S. 813 (2004)). Because the subpoena requires impermissible disclosure of information, it must be quashed.

Defendants raise several arguments, none of which alter this court's conclusion.[4] First, defendants argue that plaintiff should have conferred with them before filing her motion. Neither the Federal Rules of Civil Procedure nor this court's Civil Local Rules require the parties to meet and confer before filing a motion to quash. Even if they did suggest such a requirement (and the plaintiff failed to comply), this court would not deny her motion solely due to that procedural misstep.

Defendants also seem to argue that their compelling need for Hone's e-mails should trump the SCA's prohibition on their disclosure. A valid interest in obtaining relevant information, however, is not a license to override Hone's privacy interests and federal law. Congress enacted the SCA to protect e-mail users such as Hone. *Theofel*, 359 F.3d at 1072-73 (9th Cir. 2003) (describing purpose of the SCA). Allowing defendants to obtain Hone's e-mail with their subpoena would "permit . . . entities to make an end-run around the statute's [SCA's] protections through the use of a Rule 45 subpoena." *F.T.C. v. Netscape Comm. Corp.*, 196 F.R.D. 559, 561 (N.D. Cal. 2000). The court does not question that Hone's personal e-mail may contain information that is relevant to the issues raised in her complaint. Potential relevance,

---

[3] In addition, this court notes that defendants seek information from Hone's *personal* e-mail account. As the Ninth Circuit very recently held in *Quon v. Arch Wireless*, the SCA would also prohibit Yahoo! from providing this information even if the defendants were Yahoo! subscribers and plaintiff had sent and received the messages under the defendants' e-mail contract.

[4] Defendants' willingness to limit their request to e-mails to and from certain individuals is equally unhelpful, since the SCA protects *all* of Hone's e-mails.

3

1 however, does not eliminate the SCA's prohibition on the release of plaintiff's e-mail
2 information.

3 This court also quashes defendants' subpoena on the alternate ground that it subjects
4 Hone to an undue burden under Fed. R. Civ. P. 45(c)(3)(iv).  Even where the contents of a
5 plaintiff's e-mails were indisputably directly relevant to the pending suit, one court has recently
6 held that a request to an ECS for all of that plaintiff's e-mails during a six-week period,
7 regardless of the recipient or subject, imposed an undue burden.  *See In re Subpoena Duces*
8 *Tecum to AOL, LLC*, No. 1:07mc34, 2008 WL 1956266 (E.D. Va. Apr. 18, 2008).  Defendants
9 here want all of Hone's personal e-mails and instant messages for six *years*.  This is the all too
10 familiar fishing expedition which this court does not countenance.

## IV.   ORDER

For the foregoing reasons, IT IS ORDERED THAT plaintiff's motion to quash the discovery subpoena *duces tecum*, issued by this court to Yahoo! on April 3, 2008, is GRANTED.

Dated: 7/21/08

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

**Notice mailed to:**
Niedweske Barber
98 Washington Street
Morristown, NJ 07960

Eric A. Savage, Esq.
Littler Mendelson, P.C.
One Newark Center, 8th Floor
Newark, New Jersey 07102-5311

Dated: 7/21/08

                                          /s/ mpk
                                  Chambers of Magistrate Judge Lloyd

**United States District Court**
For the Northern District of California